## SLOAN *vs.* LITTLE.

To a bill filed for relief against an usurious mortgage, charging the usurious acts as having been done by the defendant in person, he cannot answer that he has no knowledge, information, recollection or belief, other than that derived from the facts stated in the complainant's bill, and therefore he neither denies or admits the same ; but the defendant, although the facts are not charged to have accrued within seven years, must at least admit or deny the facts according to the best of his knowledge and belief.

Wherever the facts are charged in a bill as being the acts of the defendant, or within his own personal knowledge, he is bound to admit or deny the facts charged, either positively or according to his belief, whether they occurred within seven years or at a greater distance of time.

But if the defendant never heard of or knew the facts charged, except as they are stated in the complainant's bill, he is not bound to admit or deny them, or to express any belief one way or the other.

THIS was an appeal from the decision of the vice chancel- February 21. lor of the sixth circuit disallowing the defendant's exceptions to the master's report, on exceptions taken by the complainant to the answer. The bill was filed to restrain the defend-

ant from proceeding by a sale, under the statute, to foreclose a mortgage given by the complainant, and which was alleged to be usurious.    The bill charged that on the 18th of December, 1812, the complainant, and his brother, W. Sloan, applied to the defendant to borrow $60.  That he declined loaning less than $100 ;  which sum they borrowed of him, at the rate of 25 per cent. per annum, and gave their note for $125, payable in one year.  That at the end of the year the defendant wrote to them, demanding payment ;  that he refused to wait on them any longer, unless they would give him $25 more for the use of the money the second year ;  that they accordingly gave him a new note, dated the 27th of January, 1814, for $150, payable at the end of the second year from the date of the first.    That in the summer or fall of 1818, the defendant sued them for that note, which had been renewed from time to time ; and that on the 18th of September of that year they met for a settlement.    That the debt was then divided, and the defendant computed interest on the complainant's half of the $150 note, at the rate of 7 per cent. per annum, for one year from the 27th of January, 1814, and at the rate of 14 per cent. per annum for the residue of the time ; which interest thus cast amounted to $43,46 ;  for which sum, together with the half of the $150 note, the defendant took the complainant's note for $118,46, with interest thereon, payable in one year.    That on the same 18th of September, 1818, he took the complainant's note for his half of the costs, $8,29, payable in one year, without interest.    That on the 24th of March, 1819, the complainant applied to the defendant for the loan of $50, and he then loaned him that sum at a premium of $15 for sixty days, and took his note for $65, payable at the end of that period.    That on the 18th of September, 1819, the parties met, and the defendant computed interest on the two notes of September, 1818, for one year at the rate of 14 per cent., and on the $65 note at the same rate from the date thereof, amounting in the whole to $213,71 ;  but which, from an error in the footing, was stated by the defendant at $223,71.    That the defendant agreed to throw off the 71 cents ;  and that the bond and mortgage in question, owing to the error in footing, was taken for $223 instead of the $213.    The complainant offered to pay

the principal and the legal interest of the several debts included in the bond and mortgage, and he prayed relief against the usurious interest included therein.

To all, or nearly all of the charges on which the equity of the complainant's bill rested, the defendant answered, in substance, that he had no knowledge, information, recollection or belief, other than from the statement of the facts in the complainant's bill, and therefore he could not admit or deny the facts charged, but left the complainant to such proof as he could make of the facts thus charged. To this answer the complainant filed 25 exceptions, all of which were allowed by the master. The defendant excepted to the master's report, and on argument of the exceptions before the vice chancellor, the report was confirmed.

The vice chancellor, in his opinion, after comparing the answer with the bill, and arranging the different charges contained in the bill, with the respective answers to the same, proceeds as follows :

MONELL, V. C. I have examined the answer of the defendant to all the material charges in the bill. There are some of minor importance which I do not deem it necessary to set forth. The great length of bill and answer, without abbreviations of either, renders it difficult to properly understand and compare them together. I have therefore placed the charges in the bill, and the answer to those charges in a situation that I might look at them together, and the better determine the validity of the different answers. I was further induced to do so by the desire expressed on the argument, that I would carefully examine the pleadings and understandingly pass upon the merits of the same.

The complainants charge the defendant with having exacted from them, either jointly or severally, at twelve or fourteen different times, between the 18th December, 1812, and the 10th May, 1824, both days inclusive, large amounts of usury upon loans made to them by the defendant; and

they charge these all to be within the knowledge of the defendant, and call for an answer to each specific charge. The bill sets forth with great certainty the different dates and amounts of loans at the different periods, as well as the amount of usury charged to have been exacted. And whenever papers are referred to, to show dates and amounts, they are stated to be in the possession of the complainant, ready to be produced to the court. The defendant, in answer to all, or nearly all of the charges, says he has no knowledge, recollection, information or belief of the transactions as stated, other than what is derived from the bill, and that they are of such ancient dates, that being now at the advanced age of 60 years, his memory does not retain the particulars respecting them. The complainants except to the answer as insufficient, principally because the defendant neither admits nor denies the allegations in the bill.

It is contended by the defendant, 1. That he is not bound to answer any thing in the bill which is immaterial. 2. That when the defendant denies all knowledge of facts charged to be in his personal knowledge, or to be his own acts, he is not bound to answer positively; and as to acts of others, it is sufficient for him to say that he has no knowledge or belief. 3. That when facts in the bill are charged to be within the knowledge of the defendant, or are charged to be his own acts, he is not bound to answer positively and directly, nor to traverse or deny them, unless they are stated to have happened within seven years. 4. That if the answer is good to a common intent, it is sufficient. 5. That the defendant is only bound to answer the allegations in the bill, and if he goes out of it, and states any part of his defence, and makes statements not responsive to the bill, such parts cannot be excepted to as insufficient. The right of a master to judge of the materiality of a question is settled, and the rule adopted in the books is, that if the question is quite immaterial, the master disallows the exception; but if the discovery can in any way assist the plaintiff, he allows the exception. The test of materiality is whether the fact, if disclosed, can aid the plaintiff in obtaining the relief sought by the bill. Every plaintiff is entitled to a discovery

from the defendant to enable him to obtain a decree, and to ascertain facts material to the merits. (*Hoffman's Pr.* 262. 2 *Ves. jun.* 399, 492. *Cooper,* 212.)

In the case of *Wood* v. *Monel and others,* (1 *John. Ch. Rep.* 193,) Chancellor Kent says, the general rules on the subject of exceptions to answers are founded in good sense and sound justice, and they cannot be too well understood or too strictly enforced; and if the defendant is not compelled to a full, frank and explicit disclosure of every thing properly required of him and resting in his knowledge, information or belief, one of the most salutary ends of the jurisdiction of this court would be defeated. With respect to the sufficiency of the answer, the general rule is that to so much of the bill as is material and necessary for the defendant to answer, he must speak directly, without evasion, and not by way of a negation pregnant. He must not answer the charges literally, but he must confess or traverse the substance of each charge positively and with certainty; and particular and precise charges must be answered particularly and precisely, and not in a general manner, even though the general answer may amount to a full denial of the charges. A general denial is not enough; there must be an answer to the sifting inquiries as to the matter charged. If a fact be charged which is in the defendant's own knowledge, he must answer positively, and not to his remembrance or belief; and as to facts not within his knowledge, he must answer as to his information or belief, and not to his information merely, without stating his belief one way or the other. Several cases are cited by the chancellor in support of the rule laid down by him. In the case then under his consideration, he allowed forty-four exceptions to the answer. The next case, and one upon which the counsel for the defendant relied on the argument, is the case of *Morris & Mowatt* v. *Land & Parker,* (3 *John. Ch. R.* 297.) On examining the case, it will be found that it does not change the general rule laid down by Chancellor Kent; (1 *John. Ch. R.* 193;) nor did the learned chancellor by this decision intend to change the salutary rules established in that case.

In my opinion the defendant in his answer was entirely misled by the decision in 3 *John. Ch. R.* 297 ; and there is no analogy between the two cases, although it is evident he has attempted to conform his answer to the supposed rules established in that case. Very certain I am, if the pleadings in this cause were now submitted to Chancellor Kent, he would see no analogy between them and those in the case of *Morris & Mowatt* v. *Land & Parker.* In that case the facts charged, and which the defendant was called upon to answer, took place in England ; and it was not pretended that he knew any thing about them except by information from others. He states that he had heard that a commission of bankruptcy had been issued in England, and sets forth all that he had heard about it, both as to the time it was issued and as to the proceedings under it ; and then alleges that he is therefore ignorant of the facts charged in the bill. In conclusion of the opinion, the chancellor says no person can be more anxious than I am to procure to every proper inquiry in a bill, an explicit, frank and full answer ; and I am exceedingly jealous of every thing that looks like evasion. My mind on this subject was fully declared in *Wood* v. *Morrel,* (1 *John. Ch. R.* 107.)

In this case the transactions are alleged to have taken place in the immediate neighborhood, between the parties themselves, in a long course of dealing, and on numerous occasions ; and yet the defendant stultifies himself by answering that he has no knowledge, recollection, information or belief in relation to the numerous charges of unlawful exactions and usurious contracts, and covers himself under the plea of old age and the lapse of time. One would suppose that a respectable citizen, charged with so many legal frauds, would seize the first opportunity to positively and unequivocally repel the charges by a full answer. The lapse of time and old age might furnish an excuse, if the complainants charged only one single isolated case which had transpired many years since, and which might have escaped the recollection of the defendant. But when they exhibit charges of numerous and unmerciful yearly exactions, it is repugnant to common sense to suppose it possible that the defendant can have no knowledge, recollection or belief of such

transaction, charged explicitly to be in his own knowledge.

*Smith* v. *Lasher and another,* (5 *John. Ch. R.* 247,) was also cited by the defendant's counsel. Five exceptions were taken to the answer in that case for insufficiency, which were referred to the master; who reported against four. The chancellor allowed those which had been disallowed by the master. The first exception was to the defendants' saying " that it may be true, &c. but they have no knowledge of, and are strangers to the foregoing facts, and leave the plaintiffs to prove the same." This the chancellor said is not a sufficient answer to facts which are not in the defendant's own knowledge. He ought to answer as to his information and belief, if he has any information, &c. This was the rule stated in *Wood* v. *Morrel.* There was nothing said in *Morris* v. *Parker* in opposition to this rule. Although it is not expressly stated in that case how the bill charged the facts, yet it is evident from the opinion that they were not charged to be within the knowledge of the defendant. The same may be said of all the other exceptions allowed by the chancellor. The reasoning of Chancellor Walworth in the case of *Hall* v. *Wood,* (1 *Paige,* 404,) is relied upon to relieve the defendant from a positive answer. In my opinion it does not aid him. The chancellor, in examining one of Lord Clarendon's orders, which is that an answer to a matter charged as the defendant's own act, must be direct without saying that it is to his remembrance or as he believeth, if it be laid to be done seven years before, unless the court, upon exception taken, shall find special cause to dispense with so positive an answer, says, "the exception in the rule takes this case out of its operation. Certain facts and transactions make such an impression upon the mind of the defendant that he is presumed to be able to answer positively whether they were so or not, unless he set forth some reason or excuse from which it may appear possible that the circumstances have escaped his recollection. A *non mi recordo* answer as to such facts is always considered evasive." The answer of the defendant was said on the argument to have been drawn up with great care. It certainly discovers much tact and talent, and ingeniously evades and avoids giv-

ing any answer that can avail the complainants on the hearing. Indeed, too much care has been bestowed upon it, as it bears upon its face more of a desire to keep within the supposed general rules, than to answer the complainants' charges. Not being satisfied that all the numerous transactions charged in the bill can have escaped the recollection of the defendant, I cannot allow his answer as sufficient.

The practice of reducing exceptions to writing is of modern use, and is little understood. Although the form of excepting by the complainants is not in accordance with the practice, I shall consider the reasons adopted by the complainants as exceptions. I allow the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth reasons as exceptions, and disallow the thirteenth. I also allow the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, sixteenth, seventeenth, nineteenth and twenty-first exceptions, and disallow the fourteenth, fifteenth, eighteenth, and twentieth. I allow costs to the complainants, to be taxed.

*J. Seelye,* for appellant. The 25th exception is supposed to be perfectly absurd and immaterial ; and what in an answer is not responsive to the bill, is not matter of exception. (1 *Paige's Rep.* 555.) The bill in this cause is filed for the purpose of having expunged from a bond and mortgage that portion of it which is alleged to be usury, and the bill contains an offer to pay the money really loaned with interest. The bill is one for discovery and relief, and the answer was intended to be full and explicit to every charge in the bill, as far as the defendant had any knowledge or recollection about them. It is supposed that most of the exceptions have been taken, because the defendant has neither admitted or denied the existence of these ancient transactions, directly and positively. And it is admitted that if the defendant is by law, or by the practice of the court, bound to answer these charges positively and directly, the answer is bad. It is impossible for the defendant to answer the bill in any other way. The transac-

tion reaches as far back as 1812, or further.   Almost 20 years have passed over the earlier parts of it.

The defendant is now about 63 years of age, and is called upon to travel back 20 years upon his past life, and to answer directly and positively as to dates and sums, and to all the money transactions between these parties at that early period. And this rule is sought to be enforced against the defendant after the complainant has suffered so great a lapse of time to pass over these transactions without any complaint, and after he has refused to exhibit or shew to the defendant the notes and papers which are set forth in his bill, and which are alleged to be in the hand writing of defendant, and after the court has refused to grant an order to compel the complainants to do so, and after the defendant has been obliged to answer without them, and solely from his recollection of the transaction. For he swears that he has not been able to find among his papers any memorandum or paper writing which can furnish him with any information upon the subject.   The operation of this rule, if it is to be enforced against the defendant, is wholly destructive of all his interest in this suit.   For if these exceptions are to be sustained, the bill must be taken pro confesso against him.   He can answer no further, for he swears that he has no further recollection on the subject.   If he does not answer further, when ordered to do so, he may be attached and imprisoned, because he cannot recollect with precision all the minute parts of these early transactions.   But this rule will not, and cannot be enforced in such a case. (*Lord Clarendon's Orders*, 54.   *Beame's Orders*, 179.   *Equity Draftsman*, 381, 382.   *Cooper's Pleading*, 314.   *Harrison's Ch.* 181, 182.   *Hoffman's Practice*, 264.   *3 John. Ch. Rep.* 297.)

*A. Stewart*, for complainants.   This is one of those cases where the facts and transactions are supposed to make such an impression upon the mind of the defendant that the law presumes he is not able to forget them ; and he must answer positively, whether they are so or not, unless he sets forth some reason or excuse, from which it may appear probable that the circumstances have escaped his recollection.   (*Vide Hall* v.

*Woods*, 1 *Paige's Ch. Rep.* 404 ; *Attorney-General* v. *Bank of Columbia, id.* 515. *American Chancery Digest,* 406, *sec.* 28.)

If a defendant submits to answer, he must answer fully. (1 *John. Ch. R.* 65. 7 *id.* 170, 173. *Hammond's Dig.* 423, *R.*) There are only twelve exceptions to this rule, which are, 1. Where the answer would criminate the defendant. (1 *John. Ch. Rep.* 65.) 2. Where he is a purchaser for a valuable consideration, without notice. (1 *John. Ch. Rep.* 65.) 3. Where the complainant has no title. (4 *John. Ch. Rep.* 205.) 4. Where executors are defendants, and the demand has become stale from the great lapse of time. (4 *John. Ch. Rep.* 205. 6 *id.* 137.) 5. Where the answer of the defendant will subject him to a penalty. (4 *John. Ch. Rep.* 432.) 6. Where the defendant is a judgment creditor, and the bill is filed by a subsequent purchaser, and seeks to impeach the consideration or validity of the judgment. (6 *John. Ch. R.* 235.) 7. Where a defence is set up which meets and controverts the complainant's title. (4 *Cowen's Rep.* 641.) 8. Where the bill is filed for an account, and the defendant denies the partnership. (1 *John. Ch. Rep.* 65.) 9. Where the defendant is called upon to answer whether his transactions with third persons were usurious or not, at the instance of a creditor of that third person, who does not himself complain, or seek a discovery, especially if there is no charge of fraud. (*Smith* v. *Fisher*, 2 *Dessaus. Rep.* 275.) 10. Where certain documents are set forth historically in the stating part of the bill, the defendant is not bound to answer to the facts contained or stated in such documents, unless particularly stated, distinct from the documents, although he must answer to the fact of the existence of such documents according to his knowledge or his information and belief. (3 *John. Ch. Rep.* 297.) 11. Where the facts charged are not material or necessary for the plaintiff's decree. (2 *Paige's Rep.* 105.) 12. And where the matters sought to be answered were reposed in the defendant as counsel, attorney, solicitor, arbitrator, grand juror, physician, minister, &c. (*Mitford's Pleadings,* 224.) The above 12 exceptions are the only exceptions to be found in the books to the rule, that if the defendant submits to answer he must answer fully. The defendant's case comes within neither of these exceptions.

All the facts stated in the bill which are charged to be done by the defendant, or within the defendant's own knowledge, must be answered positively ; and not to his remembrance or belief. (*Woods* v. *Morell*, 1 *John. Ch. Rep.* 104.) The defendant must speak directly to the facts charged, and not by evasion, and by way of negative pregnant. (*Woods* v. *Morell*, 1 *John. Ch. Rep.* 107. *Hammond's Digest*, 422, *U.*) He must not answer the charges literally, but he must confess or traverse the substance of each charge positively and with certainty. He cannot answer in a general manner, even though the general answer may amount to a full denial of the charges ; but the particular precise charges must be answered positively and particularly. Those facts which are not charged to be within the defendant's own knowledge, nor as the defendant's own acts, but as the acts of third persons, he must answer as to his information or belief, and not as to his information or hearsay merely, without stating his belief one way or the other. (*Woods* v. *Morell*, 1 *John. Ch. Rep.* 107.) It is not sufficient to answer to certain specific facts charged in the bill, that "they may be true, but the defendant has no knowledge of the facts, but is a stranger to the foregoing facts, and leaves the plaintiff to prove the same." Nor is it sufficient to say, "the defendant has not any knowledge of the foregoing matters, but from the statement thereof in the bill ;" but the defendant should answer as to his information and belief, and admit or deny any information dehors the bill. (*Smith* v. *Lasher*, 5 *John. Ch. Rep.* 247.) The answer must not be argumentative. (*Faulder* v. *Stewart*, 11 *Vesey's Rep.* 296.) And it must be certain, not doubtful. (*Hammond's Digest*, 421, *F.*) And if a defendant is charged with the receipt of a sum of money, he must deny or traverse that he hath not received that sum, or any part thereof, or else set forth what part he hath received, and deny the rest. So of money paid out. (1 *Harrison's Chancery Practice*, 181. *Hoffman's Practice*, 263. *Mitford's Pleadings*, 247.) The defendant can derive no benefit from Lord Clarendon's 54th order, which was in the following words : "An answer to a matter

charged as the defendant's own act, must be direct, without saying that it is to his remembrance, or as he believeth, if it is laid to be done some years before, unless the court, upon ex-ceptions taken, shall find special cause to dispense with so positive an answer." (*Hoffman's Prac.* 264.) The fair con-struction of this order is this : admitting the defendant's case to be such an one as will entitle him to the benefit of this order, still this order does not excuse him from admitting or denying the facts charged in the bill; but he must still answer every material fact, with all its attendant circum-stances charged in the bill ; but he may qualify it by saying *as he believeth.* (*Vide Ch. Walworth's explanation and ap-plication of this order, Hall* v. *Wood,* 1 *Paige's Ch. Rep.* 404.) The chancellor here holds, that it depends upon the discretion of the court, whether the benefit of this order is to be extended to a defendant or not ; and the discretion of the court will al-ways be governed by the circumstances and facts of each par-ticular case. If the facts and circumstances of the case are such as would be likely to make such an impression upon the mind of the defendant that he would not be likely to forget them, then the defendant will be denied the benefit of the whole order.

Chancellor Kent's rule as laid down in the case of *Morris* v. *Parker,* (3 *John. Ch. Rep.* 297,) does not apply to this case. In that case the defendant was called upon by the complain-ant to answer in relation to the acts of third persons. And the chancellor says, " that in such cases, where the defendant an-swers that he has not any knowledge or information of a fact charged in the plaintiff's bill, he is not bound to declare his be-lief one way or the other. It is only when he states a fact upon information or hearsay, that he is required to state his belief or unbelief; and where the defendant answers that he is utter-ly and entirely ignorant as to the fact to which he is interro-gated, it is sufficient." But in those cases where the complain-ant charges in his bill that the facts are the defendant's own acts, the defendant must answer positively, yea or nay, unless the court, from the lapse of time, and from a belief that the facts are of such a nature that the defendant would have been

likely to forget them, sees fit to grant him the benefit of Lord Clarendon's 54th order.

In this case the defendant is obliged to answer to all the facts charged to be within his personal knowledge positively; but in making positive answers he may, as to facts more than six years old, use the terms remembrance and belief. There is no case to be found where the defendant, under circumstances like the present, was excused from making such an answer.

THE CHANCELLOR. The form of the exceptions which have been taken to the answer in this case is very objectionable, and if they had been referred for impertinence, the greater part of each exception would probably have been rejected, on that ground. The complainant should state clearly and distinctly those charges in his bill which are not sufficiently answered, and leave the arguments in favor of the exceptions for an oral discussion, before the master, on the reference. I believe, however, there is sufficient substance in the exceptions to raise the questions which have been discussed here, and before the vice chancellor.

The defendant's counsel is under an entire mistake in supposing this is one of those cases in which he is excused from either admitting or denying the charges in the bill. Every fact to which these exceptions relate is charged as having been done by the defendant, or when he was present and transacting the business in person. It is not for the court to say it is impossible he should have no recollection of having from time to time for a series of years taken usury from this complainant, at the rate of twenty-five, or fourteen per cent. or at some other rate. He is at least bound to admit or deny the facts charged according to the best of his knowledge and belief. If he denies it in this manner, as it appears there are two witnesses in existence who could be received to testify on an indictment to the truth of the facts charged in the bill, it would be for a jury of his country to determine whether they were satisfied he had no recollection or belief that he ever exacted usury in these transactions. As the answer now

stands, it probably may be true that the particular details of this transaction had passed from his recollection, until he saw them stated with such minuteness, and sworn to by the complainants in the several bills which have been filed against him. But the manner of answering here does not negative the idea that the bill has refreshed his recollection on this subject so that he is now able to form a pretty accurate belief as to the actual state of the facts which transpired some years since.

The counsel who advised this answer has undoubtedly confounded the exception in Lord Clarendon's order with the decision of this court in *Morris* v. *Parker*, (*3 John. Ch. Rep.* 297.) The first relates to facts charged in the bill as being the acts of the defendant, or as having been within his own personal knowledge ; the last, as to facts which the defendant never knew or heard of, except as they were stated to him from the complainant's bill. In the last case, if he swears he has no knowledge or information as to those facts, except from what is stated in the bill, he is not bound to admit or deny them, or to express any belief, one way or the other. But in the first case he is bound to admit or deny the fact charged, either positively or according to his belief; whether that fact occurred within seven years or at a greater distance of time. By Lord Clarendon's order, if it was charged to have occurred within seven years, the defendant was bound to answer positively, unless the transaction was of such a nature that it might reasonably be presumed to have passed from his recollection ; in which case it was put upon the footing of facts charged as his own acts, &c. but which had occurred more than seven years previous. In such cases the defendant was permitted to admit or deny the facts on his belief only, without swearing positively whether it was so or not. (*Hall* v. *Wood*, 1 *Paige's Ch. Rep.* 406.) This objection applies to all the matters complained of, in the exceptions, as insufficiently answered. Many parts of the answer are also objectionable, as being argumentative ; or as being a literal answer to the charge, and containing a negative pregnant. (*Lube's Eq. Pl.* 364.)

The order of the vice chancellor must be affirmed with costs ; and the defendant must pay the costs on this appeal, and the

costs awarded in the court below. He must put in his further answer within forty days after service of the order of affirmance, or the complainant's bill is to be taken as confessed against him. And the proceedings are to be remitted to the vice chancellor of the sixth circuit.