NEW-YORK PRACTICE REPORTS.          **19**

Thorn & Maynard agt. The New-York Central Mills.

---

## SUPREME COURT.

### Thorn & Maynard agt. The New-York Central Mills.

*As to the sufficiency of an answer.* Under the 149th section of the present Code, as amended in 1852, a defendant must deny the material allegations of the complaint, *absolutely, without any qualification whatever, unless* he can deny that he has either *knowledge or information* sufficient to form a *belief.* Where he cannot do this, as where he has knowledge or information, and has

Thorn & Maynard agt. The New-York Central Mills.

formed a belief, he must deny positively, for he cannot traverse the allegations now, except in one of two modes.

And the true distinction to be observed in determining when a defendant may avail himself of the privilege accorded to him of answering in the qualified form allowed by this section of the Code, and when he must positively admit or deny the allegations, is to inquire whether the facts alleged are *presumptively within the defendant's knowledge.* (*Several of the reported cases bearing upon this question adverted to and commented upon.*)

And this principle and rule of answering applies as well to a *corporation* as to an individual defendant.

The defendant in this case, by one of its directors, answered with a *verification,* that it had no knowledge or information sufficient to form a belief, that it did by its authorized agent make its *promissory note,* as alleged in the complaint, or that it was indebted to the plaintiffs upon said note as in said complaint mentioned.

*Held,* that the answer be *struck out* as *frivolous,* and judgment under § 247. The defendant was bound to know, or at least to inquire, and thus gain information, as to the fact of the existence of the note in question; and was not at liberty to answer otherwise than by an explicit admission or denial of the giving of the note.

A plain distinction exists, in relation to *sham* and *irrelevant* answers, and those which are *frivolous.* And also as to the remedy to be applied to them. (*The illustrations upon this subject by* BARCULO, J., *in Nichols agt. Jones.* 6 *How.* 355, *concurred in.*)

If by possibility the *verification* of a pleading may save it from an allegation of *falsity,* (the propriety of such a rule, however, is questioned,) it can have no such effect in determing it *frivolous.*

*At Chambers, September* 23, 1854.—The complaint in this case is upon a promissory note alleged to have been executed to the plaintiffs as the payees thereof, by an agent of the defendant thereto duly authorized, containing the usual allegation of nonpayment, and demanding judgment for the amount thereof. The complaint was duly verified.

The defendant put in the following answer: " This defendant has no knowledge or information sufficient to form a belief that it did at the time, for that purpose stated in the complaint by its authorized agent, make its promissory note, by the name, and for the amount, and as is in this respect set forth in said complaint, or that it is indebted to the said plantiffs upon such a note as is in the said complaint mentioned." This answer purports to be verified by Elisha Baker, stating himself to be one of the directors of the defendant.

The plaintiffs move for judgment under § 247 of the Code, on the ground that the answer is frivolous.

M. H. Throop, *for plaintiffs*.

P. Gridley, *for defendant*.

Bacon, Justice.—The defendant insists that the answer in this case is fully authorized by § 149 of the Code, which provides, that the answer must contain " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;" and it is claimed that the Code has given a party an election in all cases to answer in one or the other of these modes, as he may be advised. I cannot acquiesce in this construction of the Code. It would make the rules of pleading far more loose and indeterminate than the old system which it superceded. Under the Code, prior to the amendment of 1852, denials were allowed " according to the knowledge, information, or belief," of the defendant. This was analogous to the former answer in chancery, where denials were permitted to be made in that form. What was the rule under that system? A defendant had to answer according to his knowledge, information, or belief, and in general where the acts charged, as the acts of the defendant himself were of such a nature that he could be presumed to recollect them if they ever took place, a positive answer was required. (Hale agt. Wood, 1 *Paige*, 404.) " *Anon mi ricado* answer as to such facts is always considered as evasive." So to a bill filed for relief against a usurious mortgage, charging the acts to have been done by the defendant himself, he cannot answer that he has no knowledge, information, or belief. He is bound to admit or deny the facts charged either positively, or according to his belief. (Sloan agt. Little, 3 *Paige*, 103.) Now under the Code as it stood in 1851, in the New-York superior court, in an action of assault and battery, charging that the defendant spit in the plaintiff's face, an answer that the defendant had not knowledge or information sufficient to form a belief whether he did or did not spit in the plaintiff's face, was struck out as frivolous. Oakley, C. J.,

said : "The motion gives rise to the question whether a defendant may put in an answer in this form to a fact which is presumptively within his own personal knowledge. We think as a general rule he cannot. There may be cases in which, although apparently within his knowledge, he does not know or remember the facts alleged. If so, he must in the affidavit verifying the answer state the circumstances which will warrant the qualified denial permitted by the Code." (*Voorhies Code,* 3*d edition,* 161.)

Now if this was the case under the Code before the amendment of 1852, it must be held still more stringently under the provision as it now stands. I regard the construction put upon this section by Judge DALY in Hacket agt. Prichard, (11 *Leg. Obs.* 315,) as the true exposition of the clause in question. The clause allowing a denial according to a defendant's knowledge, information, or belief, has been stricken out, and I suppose the construction of the amended section now is, that the defendant must deny absolutely, without any qualification whatever, unless he can deny that he has either knowledge or information sufficient to form a belief. Where he cannot do this, as where he has knowledge or information, and has formed a belief, he must deny positively, for he cannot traverse the allegation now except in one of two modes. The intention of the legislature appears to have been to allow the defendant *less latitude* in traversing the complaint than before, for they have designedly omitted the provision allowing a denial upon " knowledge, information, or belief." If this be, as I think it is, the true interpretation of the Code as it now stands, and if under the former provision and the practice in chancery as it obtained before the Code, a defendant was compelled to answer positively to an act charged to be done by himself, or a fact presumptively within his knowledge, *a fortiori,* will it be held to be the doctrine of pleading under the present Code. And, therefore, the true distinction to be observed in determining when a defendant may avail himself of the privilege accorded to him of answering in the qualified form allowed by the Code, and when he must positively admit or deny the allegation, is to inquire whether the

fact alleged is presumptively within the defendant's knowledge.

If this were the case of an individual defendant, and it was alleged that he gave the note in question to the plaintiffs, and the answer should pursue the form adopted in this case, and state that he had no knowledge or information sufficient to form a belief whether or not he gave the note, I suppose there can be no doubt that in view of the foregoing authorities and principles the answer would be utterly evasive and frivolous. Is there any different rule to be applied to the defendant in this case, because it happens to be a corporation? I apprehend not. A corporation is as much bound to know whether it has entered into contracts, made purchases, given promissory notes in the course of its business, and by its appropriate agents, as an individual. I have serious doubts, indeed, whether a corporation is permitted to answer in any case in the form adopted in this cause. How can Elisha Baker, an individual director, know that " *it* " (the corporation as it is styled in the answer) has no knowledge, information, or belief, in the premises? The intangible incorporeal entity may not have, and such a thing is not predicable of a corporation, but *non constat* that some other director or officer may not have all the knowledge or information necessary to form a full and perfect belief. Where is the agent who gave the note, where the bill-book of the company, or the appropriate entries to show the transaction out of which the note may have sprung? It is not to be tolerated that a corporation defendant, when sued on an obligation purporting to have been given by its agent directly to the party seeking his remedy upon it, may hunt up a director who is in such a blissful state of ignorance as to all the business transactions of the corporation, that he can safely swear he has no knowledge or information on the subject, and assuming equal incompetency or inattention on the part of all his associates, may confidently ignore any knowledge or information sufficient to form a belief on the part of the corporation. I hold, therefore, that in this case the defendant was bound to know, or at least to inquire, and thus gain information as to the fact of the

existence of the note in question in this suit, and that the company are not at liberty to answer otherwise than by an explicit admission or denial of the giving of the note. The answer is one not allowed by the terms or spirit of the 149th section of the Code; it is objectionable in form, it does not meet the averments of the complaint except in a manner the most cautious and evasive, and seems to me clearly within the mischief intended to be remedied by the 247th section of the Code, and the plaintiffs under their notice are entitled to judgment as provided in that section.

Several authorities were cited by the defendant's counsel to sustain this answer, some of which have no relevancy to the precise question before me, and others are, it seems to me, founded on a misconception of the several provisions of the Code touching sham and irrelevant answers, and those which are frivolous. A plain distinction exists not only in respect to the character of these several pleadings, but to the remedy to be applied to them, as is well illustrated by BARCULO, J., in Nichols agt. Jones, (6 *How.* 355.) In the case of Dann agt. Miller, (5 *How.* 247,) the late justice SILL made, it seems to me, an obvious mistake, when he supposed that the question whether an answer was frivolous or not was to be decided by the consideration whether it was or was not interposed in good faith, or with an improper motive. That may possibly afford an additional reason for striking it out where the fact is manifest; but I do not suppose it by any means to be the criterion of judgment in the case.

In the case of Snyder agt. White, ( 6 *How.* 321,) it was held that an answer denying knowledge or information sufficient to form a belief, of a material fact charged in the complaint, forms a good issue, under which the plaintiff holds the affirmative. The notes in that case were given to a third party, and transferred to the plaintiff. The answer admitted the making of the notes, but the denial on information and belief was as to the transfer. This is a very different case from the one now before me; and it might perhaps, in accordance with a distinction I have before suggested, be held that, as to such a fact not

resting within the knowledge of the defendant, he might make the qualified denial allowed by the Code. But even this doctrine has been denied, and in a very recent case, originating in the New-York superior court. An answer which alleged that as to the averment in the complaint that the plaintiff was the lawful holder and owner of the note, and that the defendant was indebted to him in a given sum, the defendant had no knowledge or information sufficient to form a belief, was held to be frivolous, and was on motion struck out as such, and judgment was given for the plaintiff. (Flammer agt. Kline, 9 *How.* 216; see also 9 *id.* 215, 217, and 5 *Sand.* 686.) And this is now understood to be the rule in this district, as recently determined, and overrules the decision of justice CRIPPEN in Temple agt. Murry, (6 *How.* 329,) holding a contrary doctrine.

It was urged on the argument that inasmuch as the answer was verified, a motion would not be entertained to strike it out as frivolous, and the case of Meir agt. Cartlege (8 *Barb.* 75) was cited to sustain this position. I have heretofore indicated my very qualified assent to the authority of this case, (9 *How.* 57,) and my doubt of its correctness is rather strengthened by subsequent reflection. But at the most, it is only an authority in the particular case to which it is applied, which is to a motion under another section of the Code to strike out an answer as false. It may possibly (although I seriously question the propriety of the rule in such a case) be held that a verification will save a pleading from an allegation of falsity, but it cannot have any such potency as to protect it from the judgment of the court when asked to pronounce it frivolous.

The case of Caswell agt. Bushnell (14 *Barb.* 393) was a motion to strike out the answer as false, sham, and frivolous. Although it mingled improperly the various remedies provided by the Code, it was a motion under the 152d section, and not under the 247th, and is not therefore an authority in this particular case. The allegation there sought to be denied in the manner adopted here was that of the endorsement and transfer of the note by the payee of the note to the plaintiff, not of the making of the note, and the court, among the reasons for re-

fusing to strike it out as false, relied upon the fact that the answer was verified. As an authority it does not come " within beat of drum " of sustaining the principle for which it was invoked.

I have bestowed more thought and investigation upon this case than I otherwise should, because of the confident asseveration of the defendants' counsel, that the sufficiency of the mode of answering adopted in this case had been settled repeatedly by well-considered adjudications, and was almost too clear for argument. I find, however, no case which seems to me to settle the rule which ought to govern this case; and I have endeavored to show that on principle the propriety of this answer cannot be sustained. It is an important question, and I regret that it has not heretofore received such consideration that it may be deemed settled beyond further disturbance. It is high time the doctrine as to what is or is not a sufficient answer under the Code was put at rest.

It has been supposed that the rules applicable to pleadings in reference at least to their sufficiency in presenting a simple, plain, and broad issue, were rendered somewhat more stringent by the Code than they had heretofore been. But if answers like the one interposed in this case are to be upheld, the Code will be invoked to sustain the most empty and frivolous pleadings that the wit of the profession can devise, and the effort will be to discover, not how near an answer shall approach, and how definite shall be its response to a complaint, but how far off it may wander, and how ingeniously it may avoid the issue tendered to its acceptance. The Code affords every possible facility to a defendant who really desires to contest a claim, and has in good faith a defence to make, but it lends no countenance to attempts to escape from the obligation to meet fairly and manfully its few and simple rules.