## MATTISON a. SMITH.

*New York Superior Court; General Term, November, 1863.*

PLEADING.—EVASIVE DENIAL.

An answer in terms merely denying "each and every *material* allegation in the complaint," is evasive, and obnoxious to a motion that it be made more definite and certain.

A denial in an answer should, by its words, so describe the allegations of the complaint which the pleader intends to controvert, that any person of intelligence can identify them.

Appeal by the plaintiffs, from an order denying their motion that the defendant be required to amend his answer.

The action was brought by the plaintiffs, in behalf of themselves and all other judgment creditors of William P. Demarest and George A. Middleton, who should come in and contribute to the expenses of the action, for the purpose of setting aside an assignment made by the debtors to one Powers, who was joined with them as a defendant in this action; and also to reach assets alleged to be in the hands of the defendant Smith, and to set aside as fraudulent a judgment he held against them. The complaint was verified.

The defendant Smith interposed an answer, which was also verified, which simply stated that he denied "each and every material allegation in said complaint contained."

The plaintiff's motion for an order requiring the defendant to make his answer more definite, was heard at special term in July, 1863, before Mr. Justice MONCRIEF, and was denied, with costs.

From that decision the plaintiffs now appealed.

*John Graham*, for plaintiffs, appellant, cited 2 *Duer*, 684; 20 *Barb.*, 378, 386; McKyring *a*. Bull, 16 *N. Y.*, 297, 303.

*W. H. & S. P. Bell*, for defendant, respondent.—I. The answer is a good general denial. (*Code of Pro.*, § 149.)

That is surely a perfect answer which simply and merely denies the allegations constituting the plaintiffs' cause of action. (Radde *a*. Ruckgaber, 3 *Duer*, 684.)

No allegation is material which will not prevent a plaintiff from recovering if proved to be untrue, or which, when denied, he is not bound to prove to entitle himself to a verdict. (Oechs *a*. Cook, *Ib.*, 165.)

It must be observed that there are three parties joined in the defence.

. 1. Demarest and Middleton, judgment debtors.

2. Randall J. Powers, their assignee.

3. E. A. Smith, a preferred creditor under the assignment.

All three are independent of each other, and have separate interests; all three are charged with a conspiracy to defraud. The plaintiffs assert a judgment recovered against the judgment debtors since the assignment.

The pleader is presumed to know what is the ground of this action against each of the defendants, where he charges each with separate acts; and is presumed to know what charge affects each.

The words "material" and "controverted" were not inserted in section 149 of the Code, without a meaning and a purpose. The plaintiff, when he makes a charge, considers its materiality first. The defendant, if he thinks it materially affects him, denies it; and with that which affects an independent co-defendant, he has nothing to do. The intention of the Code was to simplify and shorten pleadings.

It is at the defendant's risk and option whether he denies specifically or generally; and the court cannot compel him to

adopt one rather than the other. And the distinction must be kept in mind. This answer is not a denial of any knowledge or information sufficient to form a belief.

A review of the allegations of the complaint shows that many of them are made on information and belief, and are not material for the defendant Smith to answer.

Good pleading requires that the allegations should be made positively, in order to prevent immaterial issues and confusion. (Truscott a. Dole, 7 *How. Pr.*, 221.) The plaintiff could not have obtained an injunction on this complaint. (3 *Abbotts' Pr.*, 182, 328; 12 *How. Pr.*, 464.)

The sufficiency of the answer is further sustained by Kellogg a. Church (4 *Ib.*, 339); and Parshall a. Tillou (13 *Ib.*, 7).

II. The order is not appealable, for it does not affect the merits.

BY THE COURT.*—BOSWORTH, Ch. J.—The plaintiffs appeal from an order denying a motion that the defendant Smith be required to amend his answer, by alleging which of the allegations in the complaint he denies, and to make it definite and certain, so that the precise nature of his defence (if any he has) be made apparent.

The answer, exclusive of the title of the action, is in these words, viz., "Edmund A. Smith, one of the defendants in above action, answering the complaint in said action for himself, denies each and every material allegation in said complaint contained." The complaint and answer are verified.

The Code enacts that "the answer of the defendant must contain—1. A general or specific denial of each material allegation of the complaint controverted by the defendant," &c.

This imports that the answer, by its terms, must show which of the allegations of the complaint the defendant controverts, and those allegations he may deny in a short form of denial, or he may deny them specifically.

The Code designed that the pleadings under it should be such as would leave it free from doubt what issues of fact were raised by them; and that to ascertain this, it would not be necessary to consider abstract principles of law, and determine

---

* Present, BOSWORTH, Ch. J., WHITE and MONELL, JJ.

Mattison *a.* Smith.

the legal effect of any particular allegation of fact, in respect to which the judges of subordinate courts might not agree; and the judges of the court of last resòrt might, probably, differ. .

If the answer, on a just construction, means that the defendant denies each and every allegation of the complaint which he deems material, then it is quite clear that there is no mode of ascertaining which of the allegations he controverts, or which ones he has denied, either in fact or intent.

If it means that he denies each and every allegation which, in intendment of law, is material; then it is evident that, as the court must decide which are material, the answer is, in legal effect, a denial of each and every allegation which the court shall decide to be material.

An answer in form, thus, "The defendant denies each and every material allegation in the complaint which the court shall hold to be material," would not inform a plaintiff which of the allegations the defendant controverted, or intended to deny.

The Code, by requiring a defendant to verify his answer where the complaint is verified, intended to require him to admit all the allegations which, if true, were true of his own knowledge, or incur the risk of suffering the pains and penalties of perjury.

. The fact that some men, when not required to answer on oath, will deny some allegations of the complaint which they would not dare to deny on oath, furnishes no argument in favor of the sufficiency or definiteness of the present answer. The Code expects good faith and common honesty in putting in all answers, whether verified or not; but as that is not always practised, it has provided that, on motion, sham answers may be stricken out (§ 152); and evasive and indefinite ones may be required to be made definite and certain. (§ 160.)

It has been held that an answer which denies " each and every allegation of the complaint," is sufficient. (Kellogg *a.* Church, 4 *How. Pr.*, 339.) So also an answer which denies all the allegations which are contained between specified folios. (Gassitt *a.* Crocker, 9 *Abbotts' Pr.*, 39.) In these cases, by merely looking at the words of the complaint and answer, it is apparent what allegations are denied. The answer by the words it contains describes and identifies the allegations which

are denied, so that any person of intelligence, whether lawyer or layman, can determine with accuracy what allegations are put at issue.

In the present case, it is impossible to ascertain from the answer what is the ground of the defence. No new matter is set up ; and it cannot be known from the answer on which of the allegations of fact found in the complaint and their supposed falsity, the defence is to rest.

Such a form of answering should not be encouraged. It is, to say the least, evasive, and if sanctioned, would tend to authorize the general issue in all cases, although a defendant would not hazard a specific or even a general denial in terms, on oath, of every allegation which is clearly material.

This is an equity suit, by judgment and execution creditors; and such an answer is in conflict with the spirit, as well as letter, of all the rules and practice applicable to answers in such suits. The mode of answering prescribed by the Code, assimilates more nearly to the chancery than to the common-law practice.

It, however, permits a general denial of every allegation which a defendant wishes to controvert, and can conscientiously deny. But the word "controvert," which has been retained in this section in all the changes made in its form, must have some meaning given to it, if it can appropriately have any meaning.

The word "controverted," in connection with the word "denial," whether the denial be general or specific, requires that the answer should, by its words, so describe the allegations of the complaint controverted, that any person of intelligence, though not a lawyer, can identify them.

An answer which so denies the allegations of a complaint, that it must be left to the uncertainty of a future judicial decision, however learned or unlearned the judge may be who makes it, to ascertain which are denied, and which are not denied, is one which no plaintiff should be told he must be content to receive.

The Code has not introduced such laxity in pleading. No system ever in force in this State, permitted it. There has been no decision cited, which sanctions it.

I think the order should be reversed, and the defendant re-

quired to amend his answer so as to make it definite and certain; and render the ground of defence apparent, by a clear identification of the allegations of fact which the defendant controverts.

No costs of the appeal should be given to either party; and plaintiff should have $10 costs of the motion at special term, to abide the event.