(82 Misc. Rep. 92)

### NEW YORK COACH & AUTO LAMP CO. v. BROWN.

(Supreme Court, Special Term, New York County. August, 1913.)

1. PLEADING (§ 123*)—ANSWER—DENIAL.

   A denial in an answer of all the "material allegations" of the complaint is insufficient to raise any issue, as the denial must be direct, unequivocal, and not evasive.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 255; Dec. Dig. § 123.*]

2. PLEADING (§ 146*)—COUNTERCLAIM.

   In an action for goods sold and delivered, an allegation in defendant's answer that plaintiff had in its possession one radiator and one wind shield, reasonably worth $65, was insufficient as alleging a counterclaim.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

Action by the New York Coach & Auto Lamp Company against Charles E. Brown. Judgment for plaintiff on the pleadings.

Adolph M. Schwarz, of New York City (Louis F. Perl, of New York City, of counsel), for the motion.

G. J. Martin, of Long Island City, opposed.

GIEGERICH, J. The action is for goods sold and delivered. The first paragraph of the complaint alleges the incorporation of the plaintiff; the second, the sale and delivery of goods, wares, and merchandise, and the defendant's promise to pay therefor the sum of $69.20; and the third, that the sum last mentioned has not been paid, although duly demanded. The defendant interposed the following answer:

"Denies upon information and belief the material contained in paragraphs 1, 2, and 3 of the complaint. As for a first separate defense and counterclaim, the defendant alleges that the plaintiff has in its possession one radiator and one wind shield, which is worth the reasonable value of $65. Wherefore defendant prays judgment for the amount of $65, with costs."

[1] The plaintiff has moved for judgment on the pleadings, and the defendant's counsel claims that through an oversight the word "allegations" was omitted after the word "material" in the denial contained in the answer. Even if such word were incorporated in the answer, a denial of "material" allegations is wholly insufficient and raises no issue. Mattison v. Smith, 24 N. Y. Super. Ct. (1 Rob.) 706, 19 Abb.

Prac. 288; Hammond v. Earle, 5 Abb. N. C. 105. A denial must be direct and unequivocal. 1 Nichols, N. Y. Pr. 943. In Mattison v. Smith, supra, the answer denied "each and every material allegation in said complaint contained," which was held to be evasive. The court in passing upon the form of such answer said (24 N. Y. Super. Ct. 710, 19 Abb. Prac. 292):

"It is impossible to ascertain from the answer what is the ground of the defense. No new matter is set up, and it cannot be known from the answer on which of the allegations of fact found in the complaint, and their supposed falsity, the defense is to rest. Such a form of answering should not be encouraged. It is to say the least evasive, and if sanctioned would tend to authorize the general issue in all cases, although a defendant would not hazard a specific or even a general denial in terms on oath of every allegation which is clearly material."

In Abbott's Forms of Pleading, completed after Dr. Abbott's death by Dean Carlos C. Alden, it is said on page 1500 of volume 2:

"It is the better opinion that a denial expressed simply in the words of the statute as of 'each and every *material* allegation' in the complaint should be treated as evasive. The object of the word 'material' in the statute is to compel defendant to go to judgment if he admits that plaintiff is entitled to recover anything whatever, and to prevent prejudice to the defendant on an assessment of damages from his omitting to deny an allegation which is not essential to plaintiff's cause of action, but not to give him the advantage of delaying until the trial the giving of any indication as to what he denies. The statute should therefore be construed distributively, and not allow a denial qualified by the word 'material' "—citing Mattison v. Smith, 19 Abb. Prac. 288; Hammond v. Earle, 5 Abb. N. C. 105.

[2] So far as the alleged counterclaim is concerned, the mere possession by the plaintiff of the chattels in question does not afford any basis whatever for a counterclaim against plaintiff's alleged cause of action.

The motion is therefore granted, with costs and $10 costs of this motion, with leave to plead over upon payment, within a time to be specified in the order to be entered hereon, of costs before notice of trial and $10 motion costs. Kramer v. Barth, 79 Misc. Rep. 80, 82, 139 N. Y. Supp. 341.