DAVISON *vs.* SCHERMERHORN and MARCH.

A plea in equity is a special answer, setting forth and relying upon some one fact, or several facts, tending to one point, sufficient to bar the suit. Its office is to reduce so much of the cause as it professes to answer, to a single point.

Where a bill, in order to avoid the effect of a plea of the statute of limitations, alleges a promise within six years, the defendant must deny such promise by averment in his plea, and put in an answer, in support of the plea, containing a like denial.

But where the bill does not state a new promise within six years, the plea should not contain a denial of such a promise. If it does so, however, the plea, though informal, will not be objectionable for duplicity The denial of a new promise is not a new matter of defence, but is intended to aid the defence of the statute of limitations; and it may be treated as surplusage.

A defendant putting in a plea to a bill in equity must, in such plea, express distinctly to what part of the bill he intends to plead. The parts of the bill to which the plea is intended to apply should be so clearly defined as that the court, on looking at the bill, can determine what parts are covered by the plea, and what are not.

IN EQUITY. The bill in this cause stated that on the 14th of July, 1834, a copartnership was entered into between the plaintiff and the defendants and one Donald C. Stevenson, since deceased, which was dissolved in July, 1835. It charges that upon a settlement of the partnership accounts between the parties a considerable balance would be found due from the defendants to the plaintiff; and then proceeded as follows: "But nevertheless the said defendants are proceeding now, and have been since the aforesaid dissolution, to collect all the copartnership debts due to the said firm; which they are enabled to do by means of the said books, and to apply the same to their own use." The bill prayed for an account of the partnership transactions. It was filed on the 13th of January, 1846.

The defendants put in a plea of the statute of limitations to the whole bill, "except such parts of the said bill as seek a discovery whether the defendants are not now, and have not been since the dissolution of the said copartnership, proceeding to collect all their partnership debts due to the said firm." The plea, after alleging that the plaintiff's cause of action accrued above six years before the filing of the bill or suing out process,

Davison *v.* Schermerhorn.

proceeded as follows : " And these defendants for further plea say, that these defendants did not, at any time within six years before exhibiting the said bill, or serving or suing out process against these defendants to appear to and answer the same, promise or agree to come to any account for, or to pay or in any way to satisfy the said complainants, any sum or sums of money for or by reason of any matters, transactions, or things in the said bill of complaint.charged or alleged." The plea was accompanied by an answer, denying that the defendants were proceeding to collect, or that they have at any time since the dissolution of the copartnership, and within six years before the filing of the bill or the serving or suing out process to appear and answer the bill, collected or received, or applied to their own use, any of the copartnership debts. The plea having been set down for argument by the plaintiff, the question upon the present hearing was as to the sufficiency thereof.

*J. L. White,* for the plaintiff.

*W. C. Noyes,* for the defendants.

HARRIS, J. It was not denied by the counsel for the plaintiff that the statute of limitations, if properly pleaded, would constitute a full defence to the suit. The objections to the plea relate entirely to its form.

The first objection upon which the plaintiff's counsel relies is that the plea is double. A plea is properly defined to be a special answer, setting forth and relying upon some one fact or several facts, tending to one point, sufficient to bar the suit. Its office is to reduce so much of the cause as it professes to answer to a single point. The allegation in this plea that the plaintiff's cause of action did not accrue or arise within .six years before the commencement of the suit, is a complete defence to so much of the bill as the plea professes to cover. Upon the argument I was strongly inclined to agree with the counsel for the plaintiff, that the further allegation in the plea that the defendants had not within six years made any promises, to take the case out of the statute of limitations, rendered the plea,

multifarious. This averment was certainly unnecessary. It adds nothing to the force or validity of the plea. If the plea is not good without it, it is bad with it. If the bill, in order to avoid the effect of a plea of the statute of limitations, had alleged a promise within six years, then it would have been necessary to deny such promise by averment in the plea, and to accompany the plea with an answer in support of the plea containing a like denial of the promise. (*Story's Eq. Pl.* § 754.) But in this case the bill does not state a new promise within six years, and the plea therefore should not have contained a denial of such promise. In this respect the plea is clearly informal; but I do not think it objectionable for duplicity. The plea contains but a single point of defence—the statute of limitations. The denial of a new promise is not a new matter of defence, but it is intended to aid the defence of the statute of limitations. Though unnecessary and informal, it is not for that reason multifarious; but is rather, I think, to be treated as *surplusage*. Mr. Chitty describes surplusage to be a statement beyond what is necessary to constitute a cause of complaint or ground of defence. The case before us is within this definition. And it is laid down as a rule by *Beames*, in his treatise on *Pleas in Equity, p.* 20, that an allegation of mere surplusage will not prejudice a plea in equity by rendering it multifarious or double.

It is also insisted that the plea covers too much. The rule on this subject is very distinctly stated by Story, (*Eq. Pl.* § 674,) as follows: "When the plaintiff charges some circumstances which may be true, and to which there may be a valid ground of plea, and also charges other circumstances which are inconsistent with the substantial validity of the plea, the defendant must distinguish those facts which if true would not invalidate or disprove his plea, and plead to the discovery sought with regard to them. And he must then accompany the plea with an answer to the facts, and to those only, which if true would disprove or invalidate his plea, and to all the matters which are specially alleged as evidence of those facts." Applying this rule to the case before us, the question is, whether the bill charges any circumstances which are inconsistent with the substantial

Davison v. Schermerhorn.

validity of the plea of the statute of limitations, and then, if it does, whether the answer which accompanies the plea covers those circumstances. If it does not, the plea is bad for this reason. The plea and answer would not meet the whole equity of the bill. The answer which accompanies the plea is confined to transactions in relation to the business of the partnership within six years preceeding the commencement of the suit. It is said that the bill charges the defendants with fraud in relation to the partnership affairs, and that the plaintiff was entitled to a discovery with respect to such fraud. It would undoubtedly be true, if the bill contained a distinct allegation of fraud, and that such fraud had been discovered within six years before the filing of the bill, that the plaintiff would have been entitled to an answer as to such allegations; for if admitted, they would invalidate the plea of the statute of limitations. But no such allegation is contained in the bill. There is no fraud charged in the bill, which, if admitted as charged, would in any way disprove the defendant's plea; and therefore, according to the rule already stated, no answer was required. For the same reason the defendants were not bound to answer as to the existence of the partnership, or in relation to the co-partnership books. No answer that could be given in this respect could be available to the plaintiff to defeat or invalidate the defence of the statute of limitations.

The only other objection to the sufficiency of the plea, taken by the plaintiff's counsel is that it is not sufficiently explicit in stating to what part of the bill it is intended to apply. It is true that the defendant must in his plea express distinctly to what part of the bill he intends to plead. The criterion seems to be that the parts of the bill to which the plea is intended to apply should be so clearly defined as that the court can, on looking at the bill, determine what parts are covered by the plea and what are not. In this case the plea professes to extend to the whole bill, with an exception which is clearly and definitively expressed. There is no need of looking beyond the bill to ascertain what the plea covers. The plea is therefore sufficient in this respect also, and must be allowed.