## STEWART v. STREET & CO.

To a complaint sworn to, on a promissory note payable in a sum certain, " in monthly *pro rata* instalments, out of the first net proceeds from sale of water," and an allegation that defendants turned off the water from the ditch, the proceeds of the sales of which water were to be applied to the payment of the note, and thereby diminished the quantity, etc.—the defendant answered by admitting the making of the note, but denied, " to the best of his knowledge, information, and belief, all and singular the other allegations in said complaint:"  *Held,* that such answer did not amount to a specific denial of the allegations of the complaint.

The statute makes such an instrument *prima facie* evidence of indebtedness, though no consideration be expressed therein.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action brought on three several promissory notes, of $115 68 each.  They are all in the same form, which is as follows:

" SULLIVAN'S CREEK AND TUOLUMNE RIVER WATER Co., }
" $115 68-100.    " Shaw's Flat, September 16, 1854.    }

" The undersigned promise to pay J. S. Stewart, or bearer,

one hundred and fifteen 68-100 dollars, in monthly *pro rata* instalments, out of the first net proceeds from sale of water.

"No. 18.                    J. STREET & Co., Proprietors."

The complaint, after setting out the notes and the averment of the amount due thereon, alleges that defendants turned off the water from the ditch that was in operation, and conveying water to various mining localities in Tuolumne county, at the time said instruments of writings were executed, and that the quantity of water was thereby greatly diminished, etc.    The complaint was verified.

To this complaint, the defendants answered by admitting the making of the several instruments, and "denied, to the best of their knowledge, information, and belief, all and singular the other allegations in said complaint."

The cause was tried before a jury—a verdict was rendered for plaintiff, and judgment entered thereon.    Defendants appealed.

The record contains no statement on appeal.

*Barber* for Appellants.

*L. Quint* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., and FIELD, J., concurring.

The defendants are in no condition to avail themselves of the points made in their briefs, if, indeed, there is anything in them. In the first place, there seems to be no statement.    In the second, the allegations of the complaint are not specifically denied; and, in the third place, we think that the only point seriously urged by the appellants—the want of consideration in the paper sued upon—is unfounded, because whatever the rule may be at common law, the statute (Wood's Digest, 75, 81) makes such an instrument as that sued on, *prima facie* evidence of indebtedness, though no consideration be expressed therein.

Judgment affirmed.