## SAYRE a. CUSHING.

*New York Common Pleas; Special Term, August,* 1858.

### PLEADING.—DENIAL.

An allegation in answer, that the defendant " does not know, of his information or otherwise, that the plaintiff had commenced the action in the complaint mentioned," is not a denial.*

Motion for judgment on the pleadings.

The facts are stated in the opinion.

BRADY, J.—The plaintiff recovered a judgment in the district court of the first judicial district, against one Bretal, and an execution was thereupon issued to Cushing, one of the defendants, who was a constable. Cushing having collected the money, and having failed to return the execution as prescribed by law, an action was by the plaintiff commenced against him, and a judgment recovered for the amount of the original judgment and execution, and costs. The plaintiff now sues the defendant and his surety, having obtained the leave of the court therefor. The defendants set up a variety of matters which would have been proper in the action against Cushing, doubtless, but are not available in this action. The liability of the defendant Cushing has been passed upon by the judgment against him at the suit of the plaintiff, and it must be assumed upon a

---

* Subdivision 1 of section 149 of the Code provides that the answer must contain a denial of each material allegation controverted, "or of any knowledge or information thereof sufficient to form a belief." It has been questioned whether under this provision an answer that " the defendant upon information and belief denies," is a sufficient denial. (Hackett a. Richards, 3 *E. D. Smith's C. P. R.*, 13, 19, and 28.) In the recent case of SACKETT a. HAVENS (*Supreme Court, First District, Special Term, July,* 1858, *MS.*), it was held on a motion to strike out a portion of an answer, that where a party has no knowledge, or not sufficient knowledge to admit or deny, the Code permits him to state the fact of such want of knowledge, and that is equivalent to a denial; but that where he has information on which he has formed a belief, he cannot use that form of answer ; but that in such a case he may admit or deny upon information and belief.

full consideration of all the facts. It is difficult to conceive a defence upon such a judgment, and none has been set up in the answer. There is one allegation, however, intended as a denial, which requires consideration, because if good as a denial, it puts a material averment of the complaint in issue. It is as follows : " And this defendant says, that he does not know, of his information or otherwise, that the plaintiff commenced the action in the complaint mentioned against said Cushing, or whether judgment was obtained therein, and execution issued against said Cushing, or returned as in said complaint alleged."

This statement is neither in form nor effect a positive denial, nor a denial of any knowledge or information sufficient to form a belief of the fact alleged and sought to be controverted. It is a mere statement that the defendant don't know of his information or otherwise, without expressing whether or not he has sufficient knowledge or information to form a belief as to the fact charged, and does not, therefore, conform to the Code (§ 149).

For these reasons the plaintiff seems to be entitled to judgment. Ordered judgment for plaintiff, with liberty to the defendant, however, to amend his answer in five days, on payment of $10 costs of this action.