## MACLAY *v.* SANDS.

Under the Civil Practice Act of Montana, judgment cannot be entered against a defendant, as upon default for want of issues to be tried, where there is on file in the cause an answer specifically denying, upon information and belief only, all the allegations in the complaint, if it appears that the facts in controversy were not within the personal knowledge of the defendant, and that the information upon which he based his belief came from his agents employed to transact the business out of which the litigation arose.

ERROR to the Supreme Court of the Territory of Montana.

*Mr. L. M. Saunders* and *Mr. W. F. Saunders* for the plaintiff in error.

*Mr. R. T. Merrick, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the Court.

This case presents the single question whether, under the civil practice act of Montana, judgment can be entered against a defendant, as upon default for want of issues to be tried, when there is on file in the cause an answer denying specifically all the allegations in the complaint, but in which the denial is based upon information and belief only, if it appears that the facts in controversy were not within the personal knowledge of the defendant, and that the information upon which he based his belief came from his agents employed to transact the business out of which the litigation arose.

Sects. 56 and 63 of the Practice Act are as follows : —

" SECT. 56. The answer of the defendant shall contain a specific denial to each allegation in the complaint intended to be controverted by the defendant. . . . In denying any allegation in the complaint, not presumptively within the knowledge of the defendant, it shall be sufficient to put such allegation in issue for the defendant to state that, as to any such allegation, he has not and cannot obtain sufficient knowledge or information upon which to base a belief."

" SECT. 63. All complaints, answers, and replications shall be verified as provided in this section. . . . The affidavit of verification shall state that the facts stated in the pleading are true to the knowledge of the person making it, except as to those matters which are therein stated on his information and belief, and as to those matters, that he believes it to be true. Such verification shall be made by the party, or, if there are several parties united in interest or pleadings, by one at least of such parties acquainted with the facts, if such party is in the county and capable of making the affidavit."

The verification in this case was in the proper form, and it further stated, " that the defendants' said business at Corinne, Utah, was performed by agents, from whom affiant's information, upon which he based said belief, is derived." These facts are not controverted. The business of the defendants, in respect to which they were sued, was that of common carriers, and must necessarily have been conducted to a considerable extent through agents. Under such circumstances, their knowledge as to many of their transactions would properly come from information. If the facts had been such as must have been within their personal knowledge, a denial upon information and belief might perhaps have been properly treated as evasive ; but here any presumption of personal knowledge has been overcome by the statements in the verification, and unless parties under such circumstances are permitted to qualify their denials, they will be compelled to swear positively to that which they only believe to be true because they have information to that effect.

We do not think that parties, upon a fair construction of the statute, are driven to that extremity. The denial, when made, must be specific ; but it is none the less specific because

based on information and belief. Provision is made for an issue by a formal denial, where sufficient knowledge or information upon which to base a belief cannot be obtained. This implies that, if the necessary information can be obtained, a statement must be made predicated upon that; and, if it is to be made, we cannot see what harm can result from adding the grounds on which it is based. It is the same for all the purposes of an issue whether the qualification is given or not, and the issue is the material thing to be attained.

But sect. 63 seems to us to be conclusive upon the propriety of the practice. There provision is made for one form of verification if the statement is upon personal knowledge, and another if upon information and belief. Why this, if information and belief in a proper case were not sufficient to justify an averment? But unless the pleading shows that the statement is founded upon information, &c., the form of the oath prescribed would be of no avail, because that contemplates a positive verification in all cases where it does not appear in the body of the pleading that a qualification is intended. In some States, the practice acts require a verification only to the effect that the party believes his statements to be true. In such cases there is no necessity for qualifying the averments in the pleading, because the oath prescribed establishes all the limitation that is necessary. In Montana, however, the qualification must be made in the pleading.

This view of the practice is sustained in *Hackett* v. *Richards*, 3 E. D. Smith, 13; *Sayre* v. *Cushing*, 7 Abb. Pr. 371, note; *Edwards* v. *Lent*, 8 How. Pr. 28. The cases of *Thorn & Maynard* v. *New York Central Mills*, 10 How. Pr. 19, and *Blake* v. *Eldred*, 18 id. 244, cited in opposition, involved only the question of what might be denied under the allegation of "want of sufficient knowledge or information to form a belief," and all that was said beyond that was not necessary to the decision.

We think, therefore, that the denial upon information and belief was sufficient to present an issue for trial, and that the court erred in deciding otherwise.

*Cause remanded; with instructions to reverse the judgment of the District Court and to direct that court to proceed, in accordance with this opinion, as law and justice may require.*