### SUPREME COURT.

### McENCROE agt. DECKER

*Answer — effect of a verified answer upon a hearing of a contested application for an injunction — Effect of a denial of the allegation of the complaint, except as afterwards admitted to be true — Code of Civil Procedure, section 630.*

In an action for a dissolution of a copartnership, it is almost a matter of course to grant an injunction and appoint a receiver.

Under section 630 of the Code of Civil Procedure, upon a hearing of a contested application for an injunction order, or to vacate or modify such an order, a verified answer has the effect only of an affidavit.

Under this section the court has the power to determine the weight to be given to the denial contained in the answer, in the same manner and to the same extent as it has to determine other questions arising upon conflicting affidavits.

Where the answer alleged that "the defendant denies each and every allegation in the complaint contained, and not hereinafter specifically admitted or denied, or not hereinafter specifically admitted or avoided:"

*Held,* that a denial in this form is neither a general or specific denial, and is a form of denial in no way provided for by the present system of pleading.

*Special Term, November,* 1879.

*L. L. Kellogg,* for plaintiff.

*Burton N. Harrison* and *A. Monell,* for defendant.

McEncroe agt. Decker.

LAWRENCE, *J.* — If the agreement with Greenfield was not usurious, it certainly bears very much the appearance of being so, and I do not feel authorized on affidavits to declare that it is not usurious, even although the affidavits strongly deny the usury. The allegations of the plaintiff as to the insolvency of Greenfield and Decker do not seem to be denied by the defendants.

This being an action for a dissolution of a copartnership, it is almost a matter of course to grant an injunction and to appoint a receiver; and I am satisfied that the rights of all parties require that the injunction should be continued until the cause can be tried.

If it be contended that all the equities of the complaint are denied, the answer is two-fold — first, that under section 630 of the Code, upon a hearing of a contested application for an injunction order, or to vacate or modify such an order, a verified answer has the effect only of an affidavit.

This provision is stated by Mr. Throop, in his note, to have been designed to settle, in accordance with the weight of the authorities, the questions which have arisen in regard to the effect of an answer denying the equity of the complaint.

Under this section the court has the power, in my opinion, to determine the weight to be given to the denials contained in the answer, in the same manner and to the same extent as it has to determine other questions arising upon conflicting affidavits.

Second. The answers allege that " the defendant denies each and every allegation in the complaint contained, and not hereinbefore specifically admitted or denied, or not hereinbefore specifically admitted or avoided."

A denial substantially in this form was held by the general term of this court in the case of *Chamberlain* agt. *The American National Life and Trust Company*, in May, 1877, to be neither a general or specific denial, and to be a form of denial in no way provided for by the present system of pleading (*See, also, People* agt. *Snyder*, 41 *N. Y.*, 397 *and* 400;

*People* agt. *Northern Railroad Co.*, 53 *Barb.*, 98 *and* 122 ; *and same case in court of appeals*, 42 *N. Y.*, 217).

Assuming this denial to be bad, very many of the allegations on which the plaintiff rests his claim to an injunction, and on which his right to an injunction depends, are left uncontradicted and undenied.

If, as a matter of fact, the work is now being proceeded with, the appointment of a receiver would protect the interests of all parties. If it has been stopped because it cannot be prosecuted at this season of the year, there will be no necessity for such an appointment, because the case can be tried at the January or the February special term. But as the appointment of a receiver is not asked for in the order to show cause, it is not necessary on this motion to pass upon the propriety of adopting that course.

The injunction is continued, with ten dollars costs to the plaintiff, to abide the event.