## N. Y. MARINE COURT.

### MARY A. SMITH agt. ELIZABETH GRATZ *et al.*

*Pleading — Complaint — Answer — Effect of general denial of the allegations of the complaint, except as afterwards admitted to be true.*

Where the answer denies having any knowledge or information sufficient to form a belief as to any or all the allegations in the complaint contained and, therefore, denies the same, except as hereinafter specifically admitted, the facts which were specifically admitted having been demurred to, on motion for judgment on this general denial:

*Held,* that the denial in the answer is good. The form of pleading is one well known to the profession and has been sanctioned for years.

*McEnroe* agt. *Decker,* 58 *How.,* 251, *not followed; see Allis* agt. *Leonard,* 46 *N. Y.,* 688.

*Special Term, July,* 1880.

MOTION for judgment on answer as frivolous.

HAWES, *J.* — The motion is for judgment on the answer as frivolous. The answer denies having any knowledge or

Smith agt. Gratz *et al.*

information sufficient to form a belief as to any or all the
allegations in the complaint contained and, therefore, denies
the same, except as hereinafter specifically admitted. The
facts which were specifically admitted having been demurred
to the plaintiff moves for judgment on this general denial,
relying upon the case of *McEnroe* agt. *Decker* (58 *How.*,
250). The form of pleading here used is one well known to
the profession and has been sanctioned for years. That it is
evasive must be admitted, and if the views expressed in
*McEnroe* agt. *Decker* can possibly be sustained by precedent
it should be done in furtherance of what I deem a substantial
advance upon the form of pleading that has long prevailed,
but which gives apparent opportunity for false and dilatory
defenses. I am unable, however, to satisfy myself that such
is the law as it stands at present. The authoritative cases
relied on in *McEnroe* agt. *Decker* are *The People* agt. *Sny-
der* (*reported in* 41 *N. Y.*, 400) and *The People* agt. *Northern
Railroad Co.* (42 *N. Y.*, 217). My attention has been called
to a memorandum in the Albany Law Journal of July 10, 1880,
in which the cases referred to in *McEnroe* agt. *Decker* are
criticised, and the case of *Allis* agt. *Leonard* referred to.
The case of *Allis* agt. *Leonard* (*reported in* 46 *N. Y.*, 688,
*and in full in Albany Law Journal of July tenth*) is valua-
ble only as being a late utterance of the court of appeals on
that subject. It cannot be assumed that judge DANIELS, in
the case of *People* agt. *Snyder*, intended, by mere dictum,
to declare as frivolous a form of pleading that has been so
long recognized in all the courts of the state since the adop-
tion of the Code. It is true that he criticises and declares it
peculiar, but in no sense did he pass upon it; and from the
incidental manner in which he referred to it, it can scarcely
be deemed a judicial expression of opinion. As a form of
good or bad pleading it was in no sense discussed. The case
of *The People* agt. *Northern Railroad Company* is very far
from deciding this question in plaintiff's favor; and in so
far as it is a decision it may be said to be in support of

defendant's view and could well have been cited by him.
The allegation in *The People* agt. *Northern Railroad Company* was a general denial upon information, and denial
except as to matters specifically admitted, and was similar to
*McEnroe* agt. *Decker* and the case at bar. The court says:
"Assuming that a denial by the defendants in their answer
of each and every allegation and averment in the complaint
in this action contained, not therein before specifically admitted, is sufficient to controvert the matters, if any, not so
admitted and put them in issue, it appears by an examination
of its contents that no material fact is denied." He then
proceeds to analyze the admissions and finds that they are so
complete and absolute that no issue is created. This is all
that is determined in the case so far as I can comprehend.
These two cases are the only authoritative cases that can be
possibly cited as supporting the view expressed in *McEnroe*
agt. *Decker*, and it is submitted that, as an authority upon the
points at issue, they must be deemed of a very doubtful character. The case of *Allis* agt. *Leonard*, however, is in point
and cannot be construed otherwise than as a direct ruling
upon it. The case of *The People* agt. *Snyder* was decided
in December, 1869, and *Allis* agt. *Leonard* in November,
1871. In *Allis* agt. *Leonard* the action was upon a promissory note held by the transferee against the maker, and the
answer denied "each and every allegation of the complaint
except those admitted." The admission was the "making
and delivery of the note." The court declares that "as the
question seems to have been disposed of wholly on the question of pleading it is necessary to examine the complaint and
answer," and in that connection says: "It (the answer) denies
each and every allegation except that expressly admitted.
We think that this was a sufficient denial of the transfer of
the note. The defense was meritorious, if true, and the
pleading should have been liberally construed for the purpose
of admitting it. But a strict construction would lead to the
same result." There can be no question of the intent of

the court of appeals in this case to pass upon the point in issue, and to pass upon it decisively. While I could wish another construction I am compelled to yield to what, in my opinion, must be deemed the controlling decision upon this question, and which fully establishes the validity of this form of pleading.

Motion for judgment on the answer as frivolous denied, but without costs.