Cullen, J.
In McEnroe v. Decker, 58 How. Pr. 251, it was held at special term that an answer denying “ each and every allegation of the complaint not hereinbefore specifically admitted or denied, or not herein-before specifically admitted or avoided,” did not contain a good denial.
This opinion states that a denial substantially in that form had been held bad by the general term of the first department.
It may well be that the decision in that case was based on the use of the term “avoided.” For what is sufficiently avoided is a matter of law, not of fact. In this respect the denial was certainly insufficient. If the decision is intended to hold that a defendant may not admit one or more specific allegations of the complaint and deny the remainder in a single comprehensive denial, I think it is opposed to the decisions of the .court of appeals. See Allis v. Leonard (46 N. Y. 688),* Youngs v. Reub (Id. 672).
Nor do I see any objection to this method of pleads ing. Why should a defendant, where th.e character of any of the parties such as their partnership incorporate or representative character, compels an allegation of that fact in the complaint and an admission thereof in the answer, follow verbatim the allegations of the complaint establishing a cause of .action, instead of comprehensively denying the same, .as he would be permitted to do if these formal allegations were absent?
It may be this form of denial may be observed so *385 far as to make, the answer evasive. If so, the remedy is plain. In the case at bar, the answer admitted certain allegations of the complaint specified with considerable particularity, and denies the residue.
There can be no mistake in ascertaining what is put in issue by the answer or in punishing the defendant if the verification of the answer is willfully false..
Motion denied, $10 costs to abide event of action.

 Reported in 22 Alb. L. J. 28.