Beach, J.
The defendants’ counsel asked the trial court to charge the jury that before the plaintiff could recover, they must determine that defendants made the excavation as a matter of fact. No direct evidence was given of the fact. The learned judge held there was no denial of the allegation upon the subject in the complaint. The sufficiency of the pleadings to raise an issue, is the question presented by the appeal.
An answer must contain a general or specific denial of each material "allegation of the complaint controverted by the defendant {Code Civ. Pro. § 500, subd. 1.). This is a plain rule by which the pleading must be judged, and commends itself by simplicity, directness and the clearness resulting from adherence by the pleader. Under the text of the answer the denial is problematical, leaving for opinion what should not be matter of doubt. Neither court or opposing counsel should be called upon to speculate upon what allegations of a complaint have been specifically admitted or denied, and what may or may not be qualified, is a proposition whereon there may be great divergence of opinion. This mode of denial has been heretofore condemned, and is so loose and unsatisfactory, as to warrant the court, as was done here, in wholly disregarding its claimed effect. Its use by the pleaders is for a drag-net to include what may possibly have been otherwise omitted. If a positive averment of a material fact is not worthy of a direct denial, the court is *264 warranted in assuming that no issue is made upon it , (Miller v. McCloskey, 1 Civ. Pro. R. 252 ; Hammond v. Earle, 5 Abb. N. C. 105).
The judgment should be affirmed, with costs.
Daly, Ch. J., and Yaw Biiuwt, J., concurred.
II. November, 1884.
From this judgment of affirmance, defendants-appealed to the court of appeals.
: Alex. Timin,. for the defendants, appellants.
T. C. Cronin, for the plaintiff, respondent.
Ruger, Ch. J.
A defendant, desiring to controvert the allegations of a complaint, may do so either by ageneral or a specific denial. An omission to do this, in one form or the other, is equivalent to an admission of the truth of the facts alleged and not controverted. Such denials- are not required to be of any particular form, or to be couched in any special phraseology, but they must be expressed in language that conveys to the mind of the reader a clear understanding of the facts they are intended to put in issue. It was formerly the settled rule to construe doubtful pleadings most strongly aginst the pleader, but this rule has been so fár modified by the Code as now to require .them to be liberally construed with a view to substantial justice between the parties. This modification has, however, been held to extend only to matters of form, and not to apply to the fundamental requisites óf a cause of action (Spear v. Downing, 34 Barb. 522 ; Cruger v. Hudson R. R. R. Co., 12 N. Y. 190 ; Bunge v. Koop, 48 . N. Y. 225). A construction of doubtful, or uncertain • allegations in a pleading which enables a party by thus . pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable. now than formerly, and when a pleading is suscepti-, *265 ble of two meanings, that shall be taken which is most unfavorable to the pleader (Bates v. Rosekrans, 23 How. Pr. 98).
It is in the nature of things, that a party who is required to frame his issues for the information of his adversary and the court, must be responsible for any failure to express his meaning clearly and unmistakably. While it is competent for a party to move to make the pleadings of his adversary more definite and certain, yet, inasmuch as it is the primary duty of the party pleading to present a clear and unequivocal statement of his allegations, the onus of having them made so, cannot be cast upon his adversary by his own fault in failing to perform his duty.
It is objected in this case, on the part of the appellant, that there is no proof that defendant created the excavation which was the cause of the injury sued for, or that the place where the same occurred was a public street.
At the circuit, as also at the general term, this objection was disposed of upon the ground that the facts necessary to make out the cause of action in the respect mentioned, were admitted by the answer.
No question is made but that the complaint states a good cause of action against the defendant, in respect to the cause of the injury complained of, and the inquiry now is, whether the facts stated in the complaint have been sufficiently denied by the answer to put the plaintiff to their proof.
That pleading contained three defenses separately stated, the first of which substantially alleges that the injuries charged in the complaint were caused, brought about and contributed to by the injured party. 2d. That before the commencement of this action the defendant fully settled and compromised the said claim with the plaintiff, ,3d. A denial of each and every *266 other allegation in said complaint contained, not hereinbefore specially “admitted, qualified or denied.”
The first defense in the answer undoubtedly constitutes a qualification of every fact stated in the complaint with reference to the manner in which the accident occurred, and in effect affirms the truth of the-facts alleged, but claims that the action is, notwithstanding, unsustainable by reason of the contributory negligence of the person injured. '
The second contains facts formerly known as being those in confession and avoidance, and is predicated upon the assumption of the truth of the facts stated in the complaint, but seeks to avoid them by a defense arising out of the subsequent conduct of the parties ; and the third was intended as a general denial of such facts in the complaint as had not been before specially admitted, qualified or denied. The first defense put in issue the question of contributory negligence, and ■ imposed upon the plaintiff the burden of proving that the accident occurred without negligence on the part of the person injured, and that was the only fact put in issue by that defense, the other allegations being impliedly admitted. The fact alleged, however, con-3 stituted a good defense to the entire cause of action, and if made out by proof must have resulted in a verdict for the defendants. A good defense to the cause of action stated in the complaint was also alleged in the second count of the answer, and in respect to both of these counts the answer was sufficient in matter and form to preclude a successful demurrer, or motion to strike them out as frivolous.
The question arises over the effect to be ascribed to the alleged general denial. It was said in the case of Calhoun v. Hallen (25 Hun, 155), that an answer denying each and every allegation set forth in the complaint, except as herein “ admitted, qualified or explained,” contains an authorized form of denial, and *267 should not be stricken out as frivolous. This form of answer has sometimes been criticised as throwing upon the opposite party the necessity of first determining the legal question as to how far certain facts stated may properly be said to qualify or explain others, before the pleader can know what facts are admitted or denied by the pleading. Without, however, attempting to determine whether an answer denying only such facts as are not admitted, qualified or denied by previous allegations in the answer under the rule established by the Code, requiring facts in plain and concise language alone to be stated, is good pleading or not, it is sufficient to say in this case, that the material allegations of the complaint are expressly excepted, by the terms in which it is expressed, from the operation of the general denial pleaded.
The allegation by the defendant that the injuries described in the complaint, did not occur in the manner and form therein alleged, but impliedly did occur in another manner, which was described in a way to exempt the defendant from liability therefor, was a most important and essential qualification, of all of the facts, alleged in the complaint.
It cannot reasonably be said that the fact that the party injured contributed to his own injury, is not a qualification of the allegation in the complaint, that the defendant’s conduct, in digging a pit in a public highway and leaving it unguarded, was the sole cause of the injury.
The allegations which are denied by this answer are those only which are not qualified by its previous statements. Of what fact stated in the complaint can it be legally said that they are not qualified by this answer? The allegation, in the complaint, that the injury occurred without the fault or negligence of the plaintiff’s wife is substantially denied by the first count of the answer which affirmatively alleges the *268 reverse of this to be true, but while this allegation, constitutes a denial of the fact, it also operates asa. qualification of every other fact going to make out'the cause of action.
The test which has frequently been applied, to discover the true; meaning of a pleading, will clearly illustrate the effect of this attempted denial. Sup-, pose the defendants were indicted for perjury upon the ground that they had verified an answer which falsely denied that the defendants were the creators: of the excavation which caused the injury in question. Could any clause in this answer be pointed out which proved such a denial? It certainly cannot be-successfully claimed that a clause which expressly excepted from its operation-all allegations in the complaint, qualified by previous statements in the answer, was intended to deny such allegations as,were qualified. We think that such.an indictment could not be sustained upon the pleading, in this case.
- It was held in the case of Allis v. Leonard (reported in memorandum 46 N. Y. 688, and more fully, 22 Alb. L. J. 28), that an answer which admitted the execution and delivery of a promissory note, and denied ■ every fact not expressly admitted, did not concede the truth of an allegation in the complaint stating a trans-' fer upon good consideration of such note by the payee to the plaintiff. The facts of that case, however, leave no question as to what was admitted or claimed, and do not bear upon the question raised here.
But there seems much reason for saying in this case, within the principles stated, in Potter v. Smith (70 N. Y. 299), and People v. Northern R. R. Co. (42 N. Y. 217), that the implied admissions contained in the first and second counts of the answer may be construed as coming within the description of facts excepted from the effect of the general denial as having been therefore specially admitted. However this *269 may be, there was evidence from which the jury had a right, to And the disputed facts.
The defendants proved a settlement by them of an action formerly brought by the wife of the plaintiff against the same defendants, to recover damages for the same injury for which this action is brought. The record of that action was introduced in evidence in this, and shows from the answer served therein, that the defendants admitted that the place of the accident in question was a public street, and also that the defendants caused the excavation which was the cause of the injury in question. This evidence seems to have been produced and proved by the defendant, and to have been admitted without objection. Unexplained, it must be taken as an admission on their part of the existence of the facts therein asserted. Both of the facts now claimed by the defendants not to have been proved on this trial appear to have been admitted by them in the record produced, and we think fully authorized the ruling of the court below.
The judgment should be affirmed.
All concurred, Bapallo, J., on the second ground.
Note on Denials in Pleading.
Denial wpon information and belief.] Under the Code of Procedure, it was held in Therasson v. McSpedon, 2 Hilt. 1, that a denial “ upon information and belief” is uot good;' and this was approved aud followed.in Powers v. Rome, Watertown, &c. R. R. Co., 3 Hun, 285 ; S. C., 5 Supm. Ct. (T. & C.) 449. The recent case of Pratt Manu’f Co. v. Jordan Iron, &c. Co., 33 Hun, 143 ; S. C. (and on motion for re-argument, 33 Hun, 544), 5 Civ. Pro. R. (Browne) 372, is to the same effect under the Code of Civil Procedure. See, also, Swinburne v. Stockwell, 58 How. Pr. 312.
To the contrary are Brotherton v. Downey, 21 Hun, 436; Henderson v. Manning, 5 Civ. Pro. R. {Browne) 221; Kent v. Continental Nat. Bk., 5 Abb. N. C. 88; Metraz v. Pearsall, Ib. 90; Sackett v. Havens, 7 Abb. Pr. 371, note; Jones v. Petaluma, 36 Cal. 230; Farmers’ &c. Bank v. Charlotte, 75 N. C. 45. Sec, also, 14 Abb. N. C. 319, note, and 31 Alb. L. J. 159, explaining and criticising Pratt v. Jordan, *270 (above). Compare Burley v. German Am. Bank (U. S. Supm. Ct. 1884), 5 Civ. Pro. R. (Browne) 172.
With due deference to the first mentioned authorities, I deem them founded on a misapprehension of the rule introduced by the Code, and the last mentioned authorities are those which ought to be followed.
There is no express authority in the statute for making even an allegation in a complaint on information and belief, except that perhaps indirectly involved in Code Civ. Pro. § 584, the first clauses of which are : “ The allegations or denials in a verified pleading must, in form, be stated to be made by the party pleading. Unless they are therein stated to be made upon the information and belief of the party, they must be regarded, for all purposes, including a criminal prosecution, as having been made upon the knowledge of the person verifying the pleading.” This is just as good authority for a denial on information and belief, as for an allegation on information and belief.
If it be held that this permission is restrained, as to answers, by the clauses of section 500, which provide that an answer “must contain a general or specific denial,” &c., “ or of any knowledge or information thereof sufficient to form a belief,” then by parity of reason the same section requires every counter-claim to be alleged positively, and precludes all counter-claims any allegation wherein cannot be positively made.
The short answer to the objection is, that defendants have always, since the beginning of the fair administration of justice, been allowed to deny when informed and believing that the charge was false; and hitherto they could do this without even indicating that they were without positive knowledge of its falsity. The Code of Civil Procedure simply changes the rule on the latter point, and expressly requires a denial, as well as an allegation, to be expressed as made upon information and belief, unless the party has positive knowledge.
■ There is no clause which can be deemed to preclude denials on information and belief, which does not equally preclude statements or allegations in the same form. And the injustice of forbidding a defendant to controvert the complaint unless he can either swear positively that he has personal knowledge of its falsity, or swear that he is entirely ignorant, is so obvious and so serious that an answer on information and belief cannot be held bad (except in respect to matters in their nature within the party’s knowledge), without violating section 519, which requires pleadings to be “ liberally construed with a view to substantial justice. ”
It seems clear that the old and universal rule of allowing a defendant who is informed as to the .facts and believes the allegation false, *271 to deny it, is not repealed. A party has no right to interpose an unqualified denial in a verified answer unless it be founded upon personal knowledge; and where he has no positive knowledge, but has knowledge or information sufficient to form a belief, he is not only permitted, but bound at his peril to deny upon information and belief. Brotherton v. Downey, 21 Hun, 436.
If the rule in Pratt v. Jordan Iron Co., be sound, and of course in the present state of the authorities it cannot safely be ignored, it must be by construing the “ denial of knowledge or information sufficient to form a belief,” to refer, not to belief on the subject, but belief that the allegation is true, so as to justify a defendant who believes the allegation to be false, to deny knowledge or information sufficient to form a belief thereof, in that sense.
Other authorities bearing ou the point are as follows :
A denial in an answer by a corporation upon information and belief creates a triable issue of fact, and will not be struck out as frivolous. Macaulay v. Bromell, &c. Printing Co., 14 Abb. N. C. 316. It was held in Bengston v. Thingvalla Steamship Co., 3 Civ. Pro. R. (Browne) 263; S. C., 2 Id. (McCarty) 441, that under Code Civ. Pro. § 1776, an answer by the alleged corporation, denying on information and belief that it was a corporation, was not sufficient. So far as the opinion indicates that an allegation that defendant is not a corporation is not an “affirmative allegation,” if made on information and belief, it is not in harmony with settled usage, for an affirmative as well as a negative allegation may be either positive, or on information and belief.
In Richards v. Frechsel, 14 Abb. N. C. 316, note, it was held that a denial might be made upon information and belief, although the allegations so denied were presumably within the knowledge of the defendant, as, in that case, allegations of sale and delivery of goods to defendant at his request. The old rule to the contrary (see below) was deemed superseded. But the contrary seems to have been decided in Byrne v. Benton, 3 Month. L. Bul. 100, where a denial, upon information and belief, of a complaint for board and lodging furnished to defendant under a contract with him, was held improper, upon the ground that the defendant must know whether or not the complaint was true.
Form of denial upon information and belief] Whichever mode of denial is used, it must be a direct, positive and explicit denial—a negation, not an allegation. An answer that “ upon information and belief; defendant says that said plaintiff was not injured,” &c. is improper. Powers v. Rome, Watertown, &c. R. R. Co., 3 Hun, 285; S. C., 5 Supm. Ct. (T. & C.) 449. Compare Arthur v. Brooks, 14 Barb. *272 533; Blake v. Eldred, 1S How. Pr. 240. Nov is it proper for defendant- to say that he answers upon information and belief, and thereupon proceeds with unqualified denials. Pratt Mfg. Co. v. Jordan Iron, &c. Co., 33 Hun, 148; S. C., 5 Civ. Pro. R. (Browne) 372. But au answer in the following form has been held proper: “Defendant answers to the complaint herein, upon information and belief, as follows: he alleges that no allegation of said complaint is true except that $100 has been paid.” Metraz v. Pearsall, 5 Abb. N. C. 90.
A denial, to the best of the defendant’s knowledge, &c., of all the allegations in said complaint, is not a specific denial of the allegations. Stewart v. Street, 10 Cal. 372.
In a suit by petition, on an account for goods sold and delivered, an answer by the defendant denying that he “is, to the best of liis knowledge and belief, indebted to the plaintiff, as stated in his petition,” is defective- and insufficient. Francis v. Francis, 18 B. Mon. {Ky.) 57. The allegation in a complaint that the plaintiff assigned a judgment to the defendant, is not properly traversed by a denial, upon the defendant’s “ best knowledge, information, arid belief,” that it was assigned. Brown v. Scott, 25 Cal. 189.
Under a statute permitting denials “ according to ” the pleader’s information and belief, it has been held sufficient to deny “ upon ” information and belief, although the latter form would seem to allow a little wider field for evasion. Vassauit v. Austin, 32 Gal. 606; Roussin v. Stewart, 33 Id. 211; Jones v. City of Petaluma, 36 Id. 230; Kirstein v. Madden, 38 Id. 150.
But a simple denial by the defendant in his answer, “ according to his recollection and belief,” is insufficient, and must be treated as a mere evasion. Harr. Ch. Pr. 181, 182; Coop. Eq. Plead. 341; Taylor v. Luther, 2 Sumn. 228
Denial of knowledge or information.] A party cannot deny the allegations of a pleading, as to his own acts, from want ohsufficient knowledge or information to form a belief, if they are of sffch a nature .that lie can be presumed to recollect them if they ever took place. Lewis v. Acker, 11 How. Pr. 163. Such an answer will be stricken out as sham, where defendant has presumptively means of information within his .reach as to. the truth of the allegations so denied. Where defendant entered into an undertaking in a suit between A and B that he would pay any judgment that -might be recovered against B, and after judgment and execution, was sued upon the undertaking, and employed the same attorney that B had, it was held that he could not deny knowledge or information sufficient to form a belief as to whether plaintiff had recovered judgment against B. Hance v. Rumming, 2 E. D. Smith, 48; 1 Code R. N. S. 204. See also, Mott *273 v. Burnett, 2 E. D. Smith, 50; 1 Code R. N. S. 225; Rabel v. Griffin, N. Y. Daily Reg. Dec. 19, 1883; Elmore v. Hill, 46 Wis. 618; Edwards v. Lent, 8 How. Pr. 28; Mead v. Day, 54 Miss. 58. But where defendant gave an undertaking that a judgment debtor should appear in supplementary proceedings, it was held, in an action upon the undertaking, that he might deny knowledge or information, &c., as to whether any judgment had been recovered against the debtor. Wesson v. Judd, 1 Abb. Pr. 254.
And in enaction upon an undertaking on appeal, a copy of which, including the surety’s justification, was annexed to the complaint, the court refused to strike out as frivolous an answer of the surety containing a denial of knowledge or information sufficient to form a belief as to the truth of any of the allegations of the complaint. Grocers’ Bank v. O’Rorke, 6 Hun, 18. It is to be noticed that the answer in that case admitted the execution of an undertaking in an action between the parties referred to therein, “ but whether the instrument is the same as the undertaking named in the complaint, the defendant cannot now state,” and therefore averred that he had no knowledge, «fee., in regard to the execution of the undertaking on which the action was brought.
An answer by one of two defendants sued as makers of a note, alleging that he has not sufficient knowledge or information whereon to found a belief whether the defendants, or either of them, made the note, is palpably false on its face, and maybe struck out on motion. Mott v. Burnett, 2 E. D. Smith, 50. A defendant having admitted that he received a large quantity of wood, property of the plaintiff, and delivered it pursuant to a contract, cannot add that he has “no knowledge or information sufficient to form a belief whether the quantity of said wood was as stated in the complaint or otherwise.” Starbuck v. Dunklee, 10 Minn. 168.
Under the Kentucky civil code, a pleading which alleges, in answer to specific allegations, that defendant has not sufficient knowledge or information to enable him to form a belief as to whether such allegations were true or not, is defective. Such pleadings are allowed only in cases where the allegations are no't necessarily within the knowledge of the party charged. Wing v. Dugan, 8 Bush, 533. But a denial, by an executor or administrator, of knowledge or information, is deemed equivalent, in an action on a contract of the decedent, to a positive denial by the decedent were he living. Drake v. Semouin, 6 Ky. Law Rep. 341, 343.
Where a complaint against a corporation alleges facts necessarily-within the knowledge of the officers of the corporation, or evidenced-by the records and papers under their official control, a denial of any *274 knowledge or information sufficient to form a belief is evasive, and does not raise an issue. Mills v. Jefferson, 80 Wis. 50.
If the facts denied in this form are apparently within the knowledge of the defendant, but he does not in fact know or remember them, he must, in his answer, or in the affidavit verifying it, state the lapse of time or other circumstances which justify a denial in this, form. Richardson v. Wilton, 4 Sandf. 708; Starbuck v. Dunklee, 10 Minn. 168; Edwards v. Lent, 8 How. Pr. 28; Vassault v. Austin, 32 Cal. 597; Compare Grocers’ Bank v. O’Rorke, 6 Hun, 18.
Form of denial of knowledge or information.] An answer in which defendants “say that they have no knowledge or information sufficient to form a belief of the truth of ” and “aver the truth to bo that they are entirelyignorant and unimformed,and have not any knowledge or information sufficient to form a belief whether or not,” &c., is sufficient in form to put in issue the facts so denied. Meehan v. Harlem Sav’gs B’k, 5 Hun, 439. A defendant in a suit for compensation for the surplus of a tract of land, purchased of the plaintiff by the acre, stated in his answer that he “ had not. enough knowledge or information to constitute a belief whether there is eleven and a half acres of surplus land, above the one hundred and sixty acres, and denied that he was indebted ” on account of said surplus. It was held that it was equivalent to a denial of “ any knowledge or information thereon sufficient to form a belief,” as required by the Kentucky Code. Hutchings v. Moore, 4 Metc. {Ky.) 110.
It is insufficient for an answer to allege merely that the defendant has not sufficient Imowledge on the subject to form a belief, without referring to his information. It is only when he has neither knowledge nor information to enable him to form a belief on the subject, that he can use this form of denial. Edwards v. Lent, 8 How. Pr. 28; Heye v. Bolles, 33 Id. 266; Terrill v. Jennings, 1 Metc. {Ky.) 450; Anderson v. Parker, 6 Cal. 197; Mead v. Day, 54 Miss. 58; Brown v. Pierce, 7 Wall. 205; McKenzie v. Washington, &c. Ins Co., 2 Disney {Ohio) 223.
The answer of the defendant must not only deny all information as to the allegation of the petition, but also all knowledge thereof, and the averment of one without the other is insufficient to controvert a material allegation. Lloyd v. Burns, 38 Super. Ct. (J. & S.), 423 (aff’d in 62 N. Y. 651, without opinion); Henderson v. Manning, 5 Civ. Pro. R. {Browne) 224, note ; Hautemann v. Gray, N. Y. Daily Reg. Aug. 15, 1883; Hastings v. Gwyn, 12 Wis. 671; Humphreys v. McCall, 9 Cal. 59; Revely v. Skinner, 33 Mo. 97; Manny v. French, 23 Iowa, 250.
An allegation in an answer, that the defendant “ does not know, of his information or otherwise, that the plaintiff had commenced the *275 action in the complaint mentioned,” is not a denial. Sayre v. Cushing, 7 Abb. Pr. 371. Nor is an allegation that the defendant “has no recollection as to the specific sum,” &c. Nichols v. Jones, 6 How. Pr. 355.
General denials.] No particular form of words is necessary in an answer; but it is sufficient if the substance is preserved, and the answer is not evasive. Utica Ins. Co. v. Lynch, 3 Paige, 210; Hill v. Smith, 27 Cal. 476; McFarland v. Lester, 23 Iowa, 260. But there must be a denial; an averment that “ defendants do not admit” does not require proof from the plaintiff. Bomberger v. Turner, 13 Ohio St. 263. Nor is it sufficient to aver of an allegation of the complaint, that “it is not true,” &c. Verzan v. McGregor, 23 Cal. 339. But under the North Carolina Code, an answer which sets out “ that no allegation of the complainant is true ” is sufficient. 1877, Heyer v. Beatty, 76 N. C. 28. A denial of “all material allegations,” is an answer good ou demurrer. Lewis v. Coulter, 10 Ohio St. 451. But it may be made more certain on motion; it is not for the pleader to decide what allegations are material; he should deny each and all, or state what ones he does deny, lb.; Mattison v. Smith, 1 Robt. 706; Montour v. Purdy, 11 Minn. 384.
A denial iu this form, after specifically denying certain allegations: “As to the other allegations in said complaint, this defendant denies the same, either upon his own knowledge, or as not having any knowledge or information thereof, sufficient to form a belief in respect of the same,” is insufficient, as it is impossible to distinguish the allegations denied upon knowledge, from those denied from want of knowledge or information sufficient to form a belief. Sheldon v. Sabin, 4 Civ. Pro. R. (Browne) 4.
An answer or reply in the form “he says he denies,” etc., isa good general denial. It is equivalent to saying “the party for answer, uses the following language: ‘He denies,’” &c. Jones v. Ludlum, 74 N. Y. 61 (contra, Smith v. Nelson, 62 N. Y. 286); Moen v. Eldred, 22 Minn. 538; Munn v. Taulman, 1 Kan. 254; Espinosa v. Gregory, 40 Cal. 58. Compare Meehan v. Harlem Savings Bank, 5 Han, 439; Powers v. Rome, &c. R. R. Co., 3 Hun, 285; S. C., 5 Supm. Ct. (T & C.) 449; People v. Christopher, 4 Hun, 805.
A replication which says that the matters contained in the answers “are wholly, except in so far as respondent charges himself with” a particular fund, without adding “false,” or “untrue,” or some other word necessary to complete the denial, is no traverse, and the answer stands admitted. The court cannot supply the omission by intendment, even though the intent of the pleader, obviously, was to deny the answer. Truitt v. Griffin, 61 Ill. 26.
*276 Denial except as admitted or denied, etc.] It is apparent from an examination of the decisions in this State, as to the sufficiency of this form of denial, that the courts are hot clearly in accord on the point; but close comparison and discrimination of the cases may enable the pleader to discover some guide to the safe use of this form of denial, when necessary to use it.
In some cases, there is no reason, from necessity or convenience, for a defendant’s resorting to this form of denial, as, for example, in á case like Allis v. Leonard (see below); where, nevertheless, it was upheld.
The inconveniences attending the refusal to allow such denials were well stated by Foster, J., in a dissenting opinion (People v. Northern R.R.Co., 42 N. Y. 217; aff’g 53 Barb. 98), which was an action in the nature of a quo warranto to dissolve a corporation on several grounds, as insolvency, suspension of business, etc., and the answer contained a narrative covering 161 folios, and concluded with a denial of every allegation not before specifically admitted. The sufficiency of the denial to raise an issue was not decided (as explained below), but Foster, J., in his dissenting opinion, in which he held the denial good, and that it was not necessary to specifically deny each and every allegation of the complaint separately, says: “It is true, that the answer was exceedingly prolix, and, doubtless, the whole defense attempted to be set up, could have been embodied in much less space, but the question is, whether the Code requires such specific and separate denial of all the allegations of the complaint. If it does, the answer, generally, will necessarily be at least as lengthy as the complaint. It surely will not be claimed, when the defendant does not set up new matter, by way of explanation, or otherwise, that one general denial of all the allegations of the complaint is not sufficient. And if so,'what reason is there for saying, where the defendant admits certain of the allegations, and explains others, or sets up new matter, that a general denial of each allegation, not specifically admitted, should be treated differently than if the whole complaint was so denied. It may require a little painstaking to ascertain precisely, what the issue in such case is, and it may require the court to occupy a little more time in understanding it; and this may be a good reason for desiring the answer in a different form, but does it rende# such denials of no effect ? I think not. If it is not specific and certain enough, to satisfy the plaintiff’s attorney, he can move to have it made imore definite and certain, and that, I think, is his only remedy.” People v. Northern R. R. Co., 42 N. Y. 217, 240
In cases like these, the defendant cannot safely deny each and every allegation of the complaint without exception, because, scattered *277 through it, are averments which are true; and itis insufficient to deny in manner and form as alleged in the complaint, because that involves a negative pregnant, and admits the allegation attempted to be denied. Livingston v. Hammer, 7 Bosw. 670; Shearman v. N. Y. Central Mills, 1 Abb. Pr. 187; aff’g Thorn v. The same, 10 How. Pr. 19; Davison v. Powell, 16 How. Pr. 467; Salinger v. Lusk, 7 Id. 430; Young v. Catlett, 6 Duer, 437; Hopkins v. Everett, 6 How. Pr. 159; Doll v. Good, 38 Cal. 287. Nor is it enough for the defendant to restate the facts in a way to show that the plaintiff has no cause of action. Where material allegations in a complaint are not directly denied, the statement in the answer of other facts inconsistent with them, will not be construed as a denial, so as to prevent them from being taken as true. Every material allegation not specifically controverted, &c. must be taken as true. Merely making a counter-statement, or giving a different version of the matter from that in -,he complaint, without denying the allegations therein, is not specifically controverting such allegations. Wood v. Whiting, 21 Barb. 190; Swinburne v. Stoekwell, 58 How. Pr. 312; Miller v. Winchofer, N. Y. Daily Reg. March 30, 1881. Although if the defendant sets up, as an affirmative defense, facts antagonistic to those alleged in the complaint, and on the trial the defense is proved without the objection that an opposite state of facts is admitted, because not denied, the allegations of the complaint must be treated on appeal as if denied by the answer. Duel v. Lamb, 1 Supm. Ct. {T. & C.) 66.
It results from these considerations, that either the defendant-must take the labor of sifting out the true from the false, and specifying what he denies as distinguished from what he admits, and assume the risk of making admissions by reason of negatives pregnant or overlooked averments; or, he may state the facts of his case, with a denial of allegations not therein admitted, denied or qualified, and leave to the plaintiff the task of discovering what facts have been put in issue by the answer.
The weight of authority and the reason of the rule are in favor of the former alternative.
When the Code abolished the common law form .of General Issue, - and the technicalities of special traverse, it aimed to provide for the necessary substantial distinction in a simpler and more direct manner, by allowing a general denial or a specific denial. The general denial intended is an unqualified denial of the whole complaint, or the whole cause of action, to which it is addressed. If a denial is not general in this sense, the question whether it is good or not depends on whether it is specific. Specific means -distinct in pointing out. what is denied. It may be a sweeping denial of all the allegations *278 but one, and if so is in one sense general, but it is not the general denial intended by the Code, or in common parlance, where we say the defense is a general denial. But a sweeping denial of many allegations at once is specific if it specifies what is denied.
The question then in every case is, does the answer specify what is denied ? This amounts to about the same thing as asking if it is definite and certain.
If it is specific it leaves no room for controversy as to what is specified as denied. If it does leave room for such controversy it is not specific enough for the purpose, for it does not come clearly to an issue. An issue is a single point affirmed on one side and denied on the other. The Code allows as many issues to be raised at once as the pleader desires; but to be fairly called issues they must each be clear. A denial which leaves it uncertain what is denied is not a practicable issue for trial by jury.
Hence, as a general rule, the sufficiency of this form of denial depends on whether what precedes or follows, as the admission, explanation or avoidance &c., is so expressed as to point out clearly what allegations it relates to. If it is so expressed that there can be no controversy on the point, as, for instance, if an answer says the defendant answers the allegations in the first paragraph of the complaint as follows, &c.. and denies every allegation not hereinbefore referred to, the denial is specific, because it points out what is denied. Whether the allegations excepted are admitted or denied is another question.
The confusion and uncertainty in the decisions on this point have arisen in great measure, doubtless, from the failure of the report to show whether the denials, or admissions, or qualifications preceding the sweeping denial, were so specific as to render the latter a specific denial under the Code. As said in Smith ®. Gratz, 59 How. Pr. 274, in reference to such a denial, the form of pleading here used is one well known to the profession, and has been sanctioned for years. And it has been sustained in many cases.
The first reported case to distinctly sustain such a denial was Allis v. Leonard, 22 Alb. L. J. 28; abstr. S. C., 46 N. Y. 688, where, in an action upon a promissory note by an indorsee, the answer admitted execution and delivery of the note, alleged payment, and denied each and every allegation except those expressly admitted, and it was held on appeal, error to exclude evidence that plaintiff was not the owner of the note-; that the transfer to him alleged in the complaint was sufficiently denied by the answer. So held also, as to a denial of every allegation except as expressly admitted or denied. Greenfield v. Mass. Mutual Life Ins. Co., 47 N. Y. 430. To the same effect is *279 McGuiness v. Mayor, &c. of N. Y., 13 Weekly Dig. 522; Hunt v. Bennett, 4 E. D. Smith, 647.
The supreme court of the United States, in error, to the circuit court for the Southern district of New York, recently held such a denial sufficient to raise an issue under Code Civ. Pro. § 500, the court saying, “It is well settled in New York that a denial in the form here in question is proper.” Burley v. German Am. Bank, 5 Civ. Pro. R. 172.
It will be seen that the foregoing cases decided this form of denial to be sufficient to raise the issue. Hence, on a motion to strike out an answer containing a denial “ except as herein admitted or stated,” as frivolous, and for judgment, it was held sufficient, and the order denying the motion affirmed by the highest court. Youngs v. Kent, 46 N. Y. 672. To the same effect see Genesee Mut. Ins. Co. v. Moynihen, 5 How. Pr. 321; Smith v. Gratz, 59 How. Pr. 274 (followed in McLean v. Swezey, N. Y. Daily Reg. March 16, 1881).
A motion to strike out, as sham, a denial of every allegation “ except as admitted or denied,” was denied in Fellows v. Muller, 38 Super. Ct. (J. & S.) 137; and a motion to strike out the denial as redundant was denied in Homan v. Byrne, 14 Weekly Dig. 175. It has been held, further, that a denial “except as herein admitted, qualified or explained,” is an authorized form of denial, and should not be struck out as frivolous. Calhoun v. Hallen, 25 Hun, 155.
The cases before cited clearly hold, that a denial in this form may be good under the Code; but they do not disregard the rule which requires certainty and definiteness in a pleading. Say the court in Greenfield v. Mass. Mutual Life Ins. Co., 47 N. Y. 430: “If an answer containing a denial of the allegations of the complaint, except as thereinafter stated, is rendered indefinite, uncertain or complicated, the remedy is by motion to make the answer more definite and certain, and not the exclusion of evidence at the trial.” See, also, McGuiness v. Mayor, &c. of N. Y., 13 Weekly Dig. 522; and compare Davison v. Schermerhorn, 1 Barb. 480; Barlow v. Lamport, N. Y. Daily Reg. May 12, 1883.
On a motion to make the answer definite and certain, a denial of every allegation set forth in the complaint, not hereinbefore specifically denied or expressly admitted, was held proper, where the allegations of the complaint thus referred to are so specified that there can be no mistake in ascertaining what is put in issue, or in punishing the defendant, if the verification is false. Haines v. Herrick, 9 Abb. N. C. 379. The court say, “It may be this form of denial may be observed so far as to make the answer evasive. If so, the remedy is., plain. In the case at bar, the answer admitted certain allegations of *280 the complaint specified with considerable particularity, and denies the residue.” A denial must be in such form as to show at once, upon what fact the issue is intended to be taken. It is, therefore, not sufficient to deny such portions of the complaint as are not otherwise admitted or avoided, when the other clauses of the answer do not specifically identify the allegations to which they refer; so that the denial docs not indicate the particular portion of the complaint to which it is directed. Miller v. McCloskey, 9 Abb. N. C. 303. Thus, in that case, which was an action by a pupil of a school against the owner of the school building for personal injuries received, by reason of the defective condition of the building, the complaint alleged that the defendant was the owner of the property, and that it was used by him, his agents and servants for the purposes of a school. The answer admitted the ownership, specifically denied other portions of complaint and then denied every allegation not before admitted or denied. It was held, that there was no general denial of the complaint, and that the foregoing did not amount to a specific denial of the allegation that the defendant used the property for the purposes of a school, since it was not made in such terms as enabled the plaintiff to know, by the language made use of, the particular portion of the complaint to which it was intended to be directed.
In Hammond v. Earle, 5 Abb. N. C. 105 (which with Miller v. McCloskey is relied upon by the court of common pleas in the case in the text), it was held on a motion to make more definite and certain, that an answer which “denies each and every material allegation” in the complaint “ contrary to and inconsistent with any of the allegations in the foregoing answer, not heretofore admitted, ignored or denied,” is too indefinite. Said the court: “ The plaintiff is entitled to know what allegations of his complaint are denied, and the court is entitled to the same information. The plaintiff cannot be compelled to run the risk of different interpretations of language which would in the one case result in an admission, and in the other in a denial. . . . . Where (what) the pleader claims to have ignored, no one can know but himself.” VanBetjnt, J. The answer was amended so as to deny “ each and every material allegation. . , . not hereinbefore specifically admitted or denied," omitting the word ignored, but a motion to make the amended answer more definite and certain was granted, presumably because the use of the word “ material ” rendered the denial evasive, as held in Mattison v. Smith, 19 Abb. Pr. 288, which the court cite, without comment.
In Leary v. Boggs, 3 Civ. Pro. R. (Browne) 227, it was held that a denial of “each and every allegation contained in said complaint, not hereinbefore specifically admitted or denied,” was not sufficient, *281 and should be struck out on motion, under the rule in Miller v. Mc-Closkey (above), the court saying that the defendant “ must specifically point out the allegation denied.”
The case of McEncroe v. Decker, 58 How. Pr. 250, held a denial of every allegation “not hereinbefore specifically admitted or avoided ” bad, without discussion, but in reliance on People v. Snyder, 41 N. Y. 397, and People v. Northern R. R. Co., 53 Barb. 98; aff’d 42 N. Y. 217; Both the cases relied on, as also People v. Fields, 58 N. Y. 491, 498, contain dicta against this form of denial, but they were all decided upon the ground that other parts of the answer, as in the case in the text, contained admissions which rendered the general denial nugatory and inoperative. And, as said in Haines v. Herrick, (above), the use of the word “ avoided,” in the denial in McEnroe v. Decker, involved questions of law, and for that reason the denial was bad.
A denial in this form : “As to all the other allegations, this defendant denies the same either upon his own knowledge, or as not having any knowledge or information thereof sufficient to form a belief in respect to the same,” is clearly insufficient, because the denials might be placed either on knowledge or information, as suited the conscience of the pleader. Sheldon v. Sabin, 4 Civ. Pro. R. (Browne) 4.
On the other hand, the New York superior court, in Luce v. Alexander, 49 Super. Ct. (J. & S.) 202; S. C., 4 Civ. Pro. R. (Browne) 428, following Miller v. McCloskey (above), held that a denial “exceptas hereinbefore specifically admitted or denied,” was insufficient to raise an issue; and this case was followed at special term, in Callanan v. Gilman, 67 How. Pr. 464. The New York common pleas also decided the same way in Bixby v. Drexel, 9 Reporter, 630; Scott v. Royal Exchange Shipping Co., 5 Monthly L. Bul. 64.
In Potter v. Frail (Supm. Ct. Cortland Sp. T.) 67 How. Pr. 445, it was held, that a denial of every averment “ except such as are hereinafter admitted, qualified and explained,” is bad, whenever the objection is raised by demurrer or special motion. “If any rule of pleading can be settled by legislative enactment, and by a long line of judicial decisions, it must be regarded as settled that a denial in this form is bad whenever the objection is raised, by demurrer or special motion.” Per Follett, J., citing many cases and distinguishing Allis ®. Leonard, and other cases referred to above, as “in these cases the objection was raised on the trial on motion for judgment, or by objecting to evidence, and they are in accordance with Greenfield v. Mass. Mut. Life Ins. Co., 47 N. Y. 430. In Haines v. Herrick, 9 Abb. N. C. 379, the distinction between the cases was not observed.”
*282 In view of the foregoing decisions, which include all the cases where the form of denial in question has been passed upon in this State, it would seem that a defendant may use this form, where the excepted denials are so specific as to clearly point out the allegations of the complaint to which they are intended to apply.
For the rule in other States, see Mattison v. Ellsworth, 28 Wis. 254; State v. St. Paul, &c. Turnpike Co. (Supm. Ct. Ind.) 9 Cinn. Law Bul. (Supplement) 114; and Boston Relief, &c. Co. v. Burnett, 1 Allen, 410, sustaining such a denial; and compare to the contrary Levinson v. Schwartz, 22 Cal. 229.
A denial of each and every allegation of a complaint, except what the court may construe to be admitted in the foregoing part of the answer, is bad. Starbuck v. Dunklee, 10 Minn. 168.
An answer “denying generally and specifically each and every material allegation in the complaint, the same as if such allegation were herein recapitulated,” and then denying each allegation in the same form, subject to certain qualifications and exceptions, is not a sufficient denial to put the plain till to proof. Hensley v. Tartar, 14 Cal. 508.