Ingraham, J.
The denial in the answer in this differs from the answer in Pratt M’f’g. Co. v. Jordan Iron Co. (5 Civ. Pro. R. 372), and is in form similar to the answer in Brotherton v. Downey (21 Hun, 436). The defendant having information sufficient to form a belief as to facts in the second paragraph of the complaint, but without personal knowledge of such facts, would be guilty of perjury under section 524 of the Code, if he either denied the allegation absolutely or alleged he had no knowledge or information sufficient to form a belief of their truth. The note to section 524 says that one of the objects of this section was to compel the pleader, when the denial is on information or belief, to state such facts in the answer itself. See Mr. Throop’s note to section 524. I do not think that it *319 could have, been the intention of the legislature to compel a party to admit an allegation that he is satisfied is false, but of which he has no personal knowledge, or else commit perjury by an absolute denial or an allegation of want of information sufficient to form a belief. I will therefore follow Brotherton v. Downey (supra).
Motion denied.
Note on Denials in Pleading.
The soundness of the conflicting decisions on this point may be tested by a brief statement of the situation of a defendant called on to answer, and of the provisions of the Code by which his rights in this situation are protected.
It must be that a defendant in such case will stand in one of five positions in face of any allegation. Either
1. He knows it to be true, or
3. He knows it to be false, or
3. He has sufficient information to believe it true, or
4. He has sufficient information to believe it false, or
5. He has not sufficient knowledge or information to form a belief either way.
The statute necessarily covers every case by providing for these five positions.
The rights of the defendant in respect to going to issue are as follows:
If he is in the first position, knowing the allegation to be true or the third, having reason to believe it true, he is not entitled to put it in issue.
If he is in the second position, knowing it to be false, or in the fourth, having reason to believe it to be false, he is entitled to put it in issue.
If ho is in the fifth position, being in ignorance and without reason for belief or disbelief, he is still entitled to put it in issue, for plaintiff must prove his case if there is no reason why defendant should admit it.
The statute for the purpose of enforcing these plain principles requires of defendant in respect of any allegation he desires to controvert, cither a denial of the allegation or a denial of any knowledge or information thereof sufficient to form a belief. Code Civ. Pro. § 300. This covers the second, fourth and fifth positions. But in order that plaintiff may know what the defendant who verifies the pleading *320 is swearing to, a denial is declared by section 524, to be in legal effect a positive denial, upon personal knowledge (within the law of perjury) unless it is stated to be made upon the information and belief of the party.
It is clear, therefore, that a defendant not having knowledge or information sufficient to form a belief, should not deny upon information and belief, but should simply state that he has not knowledge or information sufficient to form a belief. If he is in this state of suspense and ignorance he cannot truly deny, for he does not know but that it is true; and the statute does not call upon him to deny. He traverses by duly stating his inability to form any belief. If on the other hand he has information sufficient to form a belief that the allegation is false, ho is entitled to deny it; but if he is to verify the pleading he must deny upon information and belief. Brotherton v. Downey, 21 Hun, 436, is therefore clearly right.
But these principles do not sanction a pleader in paying that he answers on information and belief, and thereupon proceeding with unqualified denials, as was done in Pratt M’f’g Co. v. Jordan Iron Co., 5 Civ. Pro. R. 372. That decision was clearly right in condemning such pleading; but we do not think it can be deemed authority, for the proposition that a denial upon information and belief is bad, a proposition which is clearly unsound, and if enforced would require many defendants either to admit falsely or swear falsely.
Wadleigh v. Marathon County Bank, Wisc. Nov. 20, 1833, 17 Northw. Rep. 314, 316.
Chapman v. Chapman, 34 How. Pr. 281, holding “ says, he denies,” a sufficient denial—is cited as one of a number of conflicting decisions; and held that under the general caption or introduction stating that “ plaintiff alleges,” &c.—a clause saying that “ upon information and belief he denies ”•—isa sufficient denial.