FRANCES L. CARPENTER, APPELLANT, v. WILLIAM M. ADAMS AND HENRY K. McHARG, RESPONDENTS.

*Practice — within twenty days after its service a demurrer may be withdrawn and an answer served — frivolous answer — what is — an order denying a motion to strike out an answer as frivolous, is not appealable.*

At any time within twenty days after the service of a demurrer, a party may amend his pleadings by withdrawing the demurrer and interposing an answer.

The right to so amend is an absolute one, and is not affected by the fact that a notice of argument or of trial has been given.

An answer will not be stricken out as frivolous if any argument is required to show that it is bad.

An order denying a motion to strike out an answer as frivolous is not appealable.

APPEAL from an order denying a motion for judgment on a demurrer as frivolous, and also from an order denying a motion

to strike out an answer on the ground that it was improperly served, and also on the ground that it was frivolous or sham.

*T. M. Wheeler*, for the appellant.

*Simpson, Thacher & Barnum*, for the respondents.

DAVIS, P. J.:

Before the motion was heard, the defendants withdrew the demurrer and amended their pleadings by serving an answer. It is insisted that they had no power to do this, or, in other words, that the serving of an answer on withdrawing a demurrer is not an amendment of a pleading within the meaning of the Code. We are, however, of opinion that at any time within twenty days after the service of a demurrer a party may amend his pleadings, by withdrawing the demurrer and interposing an answer. The right to amend pleadings is an absolute one within the prescribed period of time, and is not affected by the fact that a notice of argument or of trial has been given.

In disposing of the motion to strike out the pleadings as frivolous or sham, Mr. Justice LAWRENCE delivered the following opinion:

"It has always been held that if any argument is required to show that a pleading is bad it is not frivolous. (See *Cook* v. *Warren*, 88 N. Y., 39; *Youngs* v. *Kent*, 46 id., 672; *Dixon C. Co.* v. *N. Y. City Steel Works*, 57 Barb., 447.) The plaintiff's brief in this case is over twenty pages in length, and under the authorities cited I surely cannot say 'that the insufficiency of the answer can be made to appear so incontrovertibly by a mere statement of it and without argument.' (See *Youngs* v. *Kent*, 46 N. Y., 674.) This case seems to me rather to fall within the decision of the General Term of this department in the case of *Brotherton* v. *Downey* (21 Hun, 436), than under the decision in the *Pratt Manufacturing Company* v. *The Jordan Iron, etc., Company* (5 N. Y. Civil Pro., 372). See, also, *Ledgerwood Manufacturing Company* v. *Baird* (14 Abb. N. C., 318 and note).

"Motion denied, with ten dollars costs to abide the event."

This is a brief summary of the law applicable to such questions. By section 537 of the Code an order of this kind is declared not appealable. For that reason this part of the appeal should be dis-

missed and the order denying motion for judgment on the demurrer should be affirmed, with ten dollars costs of one appeal and the disbursements.

BRADY and DANIELS, JJ., concurred.

Order denying motion for judgment on demurrer affirmed; appeal as to the other orders dismissed, with ten dollars costs of one appeal and disbursements.