EZEKIEL G. WOOD and HENRY S. THOMAS, Respondents,
v. WINFIELD S. RAYDURE, Appellant, Impleaded with
JOHN T. WATSON.

*Pleading — a defendant may deny allegations of the complaint upon information and
belief — Code of Civil Procedure, secs. 500, 524, 526.*

Under the provisions of the Code of Civil Procedure a defendant may in his
answer deny, upon information and belief, allegations of the complaint when
he has no personal knowledge as to the facts alleged, but has information
sufficient to induce him to believe that the allegations are not true.

Appeal from an order of the Allegany Special Term, directing
judgment against the defendant Raydure, upon the ground that his
answer was frivolous.

*Rufus Scott,* for the appellant.

*S. E. Cheeseman,* for the respondents.

Haight, J.:

This action was brought to recover the amount of a promissory
note alleged to have been made by the defendants, who were
copartners, and also for goods, wares and merchandise sold and
delivered to them as such. The defendant Raydure answers sepa-
rately and admits that the defendants were copartners at the time
stated in the complaint, doing business under the firm name of
Watson & Raydure, and that the plaintiffs were copartners doing
business under the firm name of Wood & Thomas, and then upon
information and belief he denies each and every allegation of the
complaint.

The only question presented for our consideration is, whether or
not a defendant can deny *upon information and belief.* Upon this
question there appears to be some conflict in the authorities. In
the case of *Swinburne* v. *Stockwell* (58 How:, 312), Tappan, J., at
Special Term, held that such an answer was frivolous and not
authorized by the Code. This case was followed in the case of
*Pratt Manufacturing Company* v. *Jordan Iron and Chemical
Company* (33 Hun, 143, also 544); whilst, on the contrary, it was held
that such a denial is authorized by the provisions of the Code, and
is not frivolous, in *Ledgerwood Manufacturing Co.* v. *Baird,* 14

Abb. N. C., 318; *Stent* v. *Continental National Bank*, 5 id., 88; *Metraz* v. *Pearsall*, 5 id., 90; *Henderson* v. *Manning*, 5 N. Y. Civ. Pro. R., 221; *Brotherton* v. *Downey*, 59 How., 206; S. C., 21 Hun, 436; *Sheldon* v. *Sabin*, 4 N. Y. Civ. Pro. R., 4; *Macauley* v. *The Bromell & Barkley Printing Co.*, 67 How., 252; *Musgrove* v. *The Mayor*, 51 N. Y. Supr. Ct. [19 J. & S.], 528; and *Maclay* v. *Sands*, 94 U. S. R., 586. For a full review of the authorities, see note in 15 Abb. N. C., 269; also 31 Alb. L. J., 159.

After this array of authorities it would seem as if the question ought to be settled and that no further discussion was necessary. Inasmuch, however, as the precise question does not appear to have been passed upon in this department or the Court of Appeals, we have concluded to examine briefly the provisions of the Code.

Section 500 provides that "the answer of the defendant must contain, first, a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." It will be observed that this section fails to prescribe the form of the denial. It does not provide whether it shall be upon positive knowledge or upon information, except in the event where he has no knowledge or information sufficient to form a belief, in which case it may be in that form.

Section 3355 provides that for the purpose of determining the effect of the different provisions of this act with respect to each other, they are deemed to have been enacted simultaneously. The various sections of the Code are therefore to be construed together.

Section 526 provides that "the affidavit of verification must be to the effect that the pleading is true to the knowledge of the deponent, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true." Thus by implication the authority to plead upon information and belief is not only given in section 500 but in section 526.

Section 524 provides: "The allegations or denials in a verified pleading must in form be stated to be made by the party pleading, unless they are therein stated to be made upon the information and belief of the party they must be regarded for all purposes, including a criminal prosecution, as having been made upon the knowledge of

the person verifying the pleading. An allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter, must, for the same purposes, be regarded as an allegation that the person verifying the pleading has not such knowledge or information." If there was any doubt as to the authority to plead upon information and belief under the other section referred to, it would appear to be removed by the express provisions of this section, and denials are placed upon the same footing with allegations. The allegations or denials in a verified pleading must in form be stated to be made by the party pleading unless the allegations or denials are therein stated to be made upon information and belief of the party, etc., under this section the party pleading, if he has personal knowledge, is required to make his allegations upon personal knowledge, or if he is answering and has personal knowledge of the subject-matter alleged in the complaint, his denial must be upon personal knowledge. If he has not personal knowledge, but has information upon which he has formed a belief, then the denials must be upon information and belief. Or, if he has not personal knowledge or information sufficient to form a belief, then his denial may be that he has not sufficient knowledge or information to form a belief, and any departure from this course would be perjury and subject the pleader to a criminal prosecution.

A construction of section 500, which would deprive a defendant of the right to make a general or specific denial upon information and belief, would in many cases deprive him of the right to put in issue the allegations of the complaint, or else in his verification of the pleading, force him to swear to that which was not true. Take the case under consideration ; the promissory note alleged in the complaint is alleged to have been made by the firm of which the defendant is a member. Either member of the firm had the power to make the note and sign the firm name. The defendant answering may have positive knowledge that he did not sign the note himself. He may have no knowledge as to whether or not it was signed by the other member of the firm. He may, however, have been informed by the other member of the firm that he had never signed or delivered such a note ; having confidence in the statements of his copartner, he has information which he believes, to the effect that the note was never signed by either of the firm. He

could not truthfully say that he had no knowledge or information sufficient to form a belief, because he has been informed and believes that his copartner never signed the note. Can it be that it was intended to deprive him of the right to put in issue and raise the question as to whether or not the note was a forgery? We think not; to our mind section 524 makes clear his right to deny upon information and belief, when he has such information and belief and has not positive knowledge.

The order should be reversed and judgment vacated, with ten dollars costs and disbursements.

SMITH, P. J., and BRADLEY, J., concurred; BARKER, J., not voting.

Order reversed and judgment vacated, with ten dollars costs and disbursements.